BACHE CUNARD, Appellant, v. CHARLES G. FRANCKLYN, Respondent.

*Account set up in an answer — when not such an account as the plaintiff may demand service of, under the Code of Civil Procedure, sec. 531.*

In an action, brought for the alleged conversion of the plaintiff's property, the defendant alleged in his answer that the plaintiff's funds were, with his knowledge, used in speculations, and that the defendant, from time to time, rendered the plaintiff statements of account; that " in or about the months of June and July, 1885, at the city of New York, the plaintiff and defendant, upon a full consideration and discussion in respect to all such matters, and of the transactions and accounts between them, all of which the plaintiff acquiesced in, settled and adjusted their accounts, and it was thereupon understood and agreed between them that the defendant should be considered as indebted to the plaintiff " in a sum stated.

The plaintiff's attorney served upon the defendant's attorney a written demand for the account referred to in the foregoing allegations of the answer; and this demand not being complied with moved at Special Term that the defendant be precluded on the trial of the action from giving in evidence such account.

*Held,* that such motion was properly denied; that the accounts alleged to have been considered and discussed in arriving at the adjustment were the data or evidence upon which the parties reached their agreement, and could not be said to constitute the agreement itself.

That the answer did not set up such an account as entitled the plaintiff to a copy thereof, upon demand, under section 531 of the Code of Civil Procedure.

Appeal from order denying a motion that the defendant be precluded on the trial of this action from giving any evidence of certain accounts referred to in certain folios of the answer.

*William C. Beecher*, for the appellant.

*John Notman*, for the respondent.

BARTLETT, J. :

This is an action for conversion. The defendant in his answer denies the alleged conversion and avers, among other things, that securities and cash to a large amount were left in his hands by the plaintiff under an agreement by which the defendant was to invest, use and employ the same in such transactions and enterprises as he should think best for the joint account and risk of the parties. He further avers that many heavy losses were incurred in the course of such transactions and enterprises, which were paid out of the plaintiff's property, and with his knowledge; that the defendant, from time to time, rendered the plaintiff statements of account, and that "in or about the months of June and July, 1885, at the city of New York, the plaintiff and the defendant, upon a full consideration and discussion in respect to all such matters, and of the transactions and accounts between them, all of which the plaintiff acquiesced in, settled and adjusted their accounts, and it was thereupon understood and agreed between them that the defendant should be considered as indebted to the plaintiff in the sum of six hundred and eight thousand three hundred and ninety-six dollars and fifty-eight cents, with interest from that time, and that the plaintiff should give him such credit and time to pay off such indebtedness in installments as he, the defendant, might require for such purpose."

The plaintiff's attorneys, claiming to be entitled to a verified copy of the account referred to in the provision above quoted, under section 531 of the Code of Civil Procedure, served upon the defendant's attorneys a written demand for such account. This demand was not complied with, and thereupon the plaintiff moved at Special Term that the defendant be precluded on the trial of the action from giving any evidence of such account. The motion was denied upon the express ground that the aforesaid allegations in the answer did not set forth such an account as is referred to in section 531 of the Code.

We think the learned judge at Special Term took a correct view of the answer in this respect. The account which an adverse party may require to be delivered to him, under section 531, is an account containing items. "It is not necessary," says that section, "for a party to set forth in a pleading the items of an account therein alleged ; but in that case he must deliver to the adverse party, within

ten days after a written demand thereof, a copy of the account. which, if the pleading is verified, must be verified by his affidavit." Of course this language would include an account stated where it. contained items; but such does not appear to have been the character of the paper, if any paper was executed, which embodied the agreement pleaded in the answer, to the effect that the defendant should be considered as indebted to the plaintiff in the sum at which the plaintiff's demand was adjusted. It is true that accounts are alleged to have been considered and discussed in arriving at the. adjustment, but these were the data or evidence upon which the parties reached their agreement, and cannot be said to constitute. the agreement itself. We do not think the answer sets up any such account as entitled the plaintiff to a copy thereof under the Code, and the order which he sought to obtain in consequence of the defendant's failure to serve such copy was properly refused.

The order appealed from must be affirmed, with costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.