NATHAN P. TUTTLE *vs.* JOSEPH P. WILSON, impleaded, etc.

December 26, 1889.

**Stipulation to Furnish Copy of Account — Breach — Evidence.**—The
parties to an action having stipulated that a copy of the items of an ac-
count, pleaded generally in the defendant's answer, should be given to
the plaintiff within a stated time, *held*, that the stipulation dispensed with
the necessity for a demand, and that, upon default to furnish the account
as stipulated, the defendant was subject to the statutory consequence,
and "precluded from giving evidence thereof."

Appeal by defendant Wilson from an order of the district court for
Clay county, refusing a new trial after a trial before *Mills*, J., and
judgment for $4,092 ordered for plaintiff.

*J. F. Fitzpatrick*, for appellant.

*R. R. Briggs*, for respondent.

DICKINSON, J.   The defendant having in his answer pleaded, as a
counterclaim, an indebtedness due him from one Richards, and
which, as was decided on a former appeal in this action, (33 Minn.
422; 26 N. W. Rep. 864,) the defendant was entitled to avail himself
of in this action, a written stipulation was entered into by the attor-
neys for the respective parties, to the effect that the defendant should,
within 30 days from the making of the stipulation, furnish to the
plaintiff's attorney a copy of the items constituting such counter-
claim.   When the cause came on for trial, more than four months
after the making of the stipulation, the items of the account had not
been furnished, and for this reason the court sustained the plaintiff's
objection to the receiving of proof of such account.   The ruling of
the court was right.   By the statute, (Gen. St. 1878, *c.* 66, § 105,)
while it is not necessary to plead the items of an account, the party
seeking to avail himself of a matter of account is required, within 10
days after demand, to deliver to the adverse party a verified copy of
it, "or be precluded from giving evidence thereof."   The stipulation
dispensed with the necessity for a demand, and made absolute the
duty of delivering the copy of the account referred to in the answer

within the stipulated time. This not having been done, the defendant, not being relieved from his default by order of the court for cause shown, was properly subject to the consequences prescribed in the statute for such default.

Order affirmed.