R. A. COSTELLO *vs.* WALTER C. DOHERTY *et al.*

Argued Oct. 11, 1893. Affirmed Oct. 20, 1893.

No. 8452.

**Contractor's bond under the city charter of Duluth.**

Under the charter of Duluth, (Sp. Laws 1891, ch. 55, § 15,) the bond required of a contractor to do some public work may be executed before the contract, but where the contract is to be made, and is made, at a day after the bond, it must be proved, otherwise than by the execution of the bond, that the board of public works had authority to make the contract.

Appeal by plaintiff, R. A. Costello, from an order of the District Court of St. Louis County, *J. D. Ensign,* J., made June 17, 1893, denying his motion for a new trial.

On June 25, 1891, Walter C. Doherty as principal and R. S. Munger and W. W. Spalding as sureties entered into a bond to the City of Duluth in the penal sum of $12,000 reciting that Doherty had on that day entered into a contract with the city for grading Bench and Birch Streets; and the condition of the bond was, that if he should perform the contract on his part and pay for all labor done and materials furnished, then the obligation should be void.

(Sp. Laws 1887, ch. 2, subch. 5, § 5, as amended by Sp. Laws 1891, ch. 55, § 15.)

Doherty then had no contract with the City, but on July 6, 1891, he entered into a contract with the city to grade those streets for $33,721.10. He completed the work September 19, 1892, and it was on that day accepted by the city and he was paid in full. The plaintiff Costello performed labor and furnished materials for the work at the request of Doherty to the value of $3,127.91, and brought this action December 15, 1892, upon the bond to recover of Doherty and the sureties, that amount and interest. Each surety answered separately admitting the execution of the bond, but denying the other allegations of the complaint.

The trial was before the Court without a jury. The plaintiff produced the original contract between Doherty and the city and offered it in evidence without any preliminary proof of an award of the work by the Board of Public Works or of a report of their action to, and approval of it by, the Common Council of that city. Defendants objected and the contract was excluded and plaintiff excepted. Plaintiff then offered to show by oral testimony that the contract mentioned in the bond as entered into on the day of the date of the bond was in fact the contract made on July 6, 1891. To this testimony the defendants objected and it was excluded by the Court and the plaintiff excepted to the ruling. Plaintiff then offered to prove by oral testimony that at the time the bond was executed (June 25, 1891) plans and specifications of the work upon the two streets had been agreed upon between the city and Doherty and that the formal written contract was made and signed afterwards on July 6, 1891. Defendants objected, the Court excluded the evidence and the plaintiff excepted to the ruling. The plaintiff then rested and, on motion of the defendants Munger and Spaulding, the Court dismissed the action as to them.

The plaintiff moved for a new trial for errors of law occurring at the trial, but was denied and he appeals.

*J. W. Reynolds*, for appellant.

It appears from the recitals in the bond that it was executed to secure a contract between W. C. Doherty and the City of Duluth dated June 25, 1891, for grading Bench and Burch streets.

The contract offered in evidence and excluded by the Court conforms in all respects to that described in the bond, but bears date as of July 6, 1891. On that ground the trial court held that there was no identity between the contract mentioned in the bond and the one offered in evidence, and that no testimony would be admitted to establish the identity of the two or to show the mistake or error in the bond, where it attempted to state the date of the contract secured. The decision of the Court was hypercritical without authority or precedent, and contrary to the common rules of evidence. *Van Eman* v. *Stanchfield,* 10 Minn. 255; *Sanborn* v. *Sturtevant,* 17 Minn. 200; *National Car & L. Builder* v. *Cyclone S. S. P. Co.,* 49 Minn. 125; *Buxton* v. *Beal,* 49 Minn. 230; *Steffes* v. *Lemke,* 40 Minn. 27; *Jefferson* v. *Asch,* 53 Minn. 446; *Union Ry. S. Co.* v. *McDermott,* 53 Minn. 407.

*J. L. Washburn* and *G. W. Mann,* for respondents.

The City of Duluth is not a party to this action. If any mistake has occurred in drafting this bond it cannot be corrected in this action, nor does the complaint state any mistake or ask that it be corrected. *Percival* v. *McCoy,* 13 Fed. R. 379; *Leavitt* v. *Palmer,* 3 N. Y. 19.

It is only when all the requirements prescribed by Sp. Laws 1891, ch. 55, § 15, have been complied with that a valid contract exists. A formal written contract only will answer the requirements here prescribed. If the bid of the person making the proposal is accepted, he must enter into a contract with the city. It was not the intention of the Legislature that the acceptance of a bid should constitute the contract. An award of a contract by the Board of Public Works to any person does not become binding upon the city until the same is approved by the Common Council, and reduced to writing, properly executed and a duplicate filed with the comptroller of the city and countersigned by him. There was no offer of proof of these prerequisites of a valid contract. *Starkey* v. *City of Minneapolis,* 19 Minn. 203; *Stewart* v. *City of Cambridge,* 125 Mass. 102; *Maupin* v. *Franklin Co.,* 67 Mo. 327; *Condon* v. *Jersey City,* 43 N. J. Law, 452; *Logansport* v. *Blakemore,* 17 Ind. 318; *Wade* v. *Newbern,* 77 N. C. 460.

GILFILLAN, C. J. The charter of the city of Duluth provides, (Sp. Laws 1891, c. 55, § 15,) in reference to letting contracts for local improvements, for a bond on the part of a contractor, with two sureties, to the city as obligee, conditioned for the faithful performance of the work according to the terms of his contract, and the payment of all material and labor used or employed in making said improvement; and that any person furnishing labor or material on the contract whose claim shall not be paid as it becomes due may sue in his own name on the bond; and that "an award of a contract by the board of public works shall become binding upon the city upon the same being approved by the common council, and upon the approval by said board of the 'contract bond' of the bidder, but not before or otherwise." This action is for labor and material against the principal and sureties in such a bond, executed June 25, 1891, reciting the making between Doherty (the principal obligor) and the city of a contract dated June 25, 1891, "for grading and otherwise improving Bench and Birch streets and the respective extensions thereof," as specified in the contract.

On the trial of the action it was dismissed as to Munger and Spalding, the sureties, for insufficiency of proof. The plaintiff attempted, but failed, to prove a contract between Doherty and the city such as was intended by the bond. He offered in evidence a contract such as was described in the bond, except that it was dated and conceded to have been executed July 6, 1891. The bond was conceded to have been executed June 25, 1891, so that the contract offered was one executed after the execution of the bond, and, *prima facie*, certainly not the one referred to in the bond, which is therein described as already executed. An objection was made by the surety defendants that it was not the contract mentioned in the bond, and that no jurisdiction or authority of the board of public works to make it appears. The plaintiff offered to prove by parol that there was no contract between the city and Doherty to do the work mentioned in the bond other than that offered, and that the bond was executed with reference to, and for the purpose of securing, that contract. Their offers were objected to, and the objection to them and to the contract was sustained.

Under the charter, the order in which the bond and contract are executed is not material. After the bid is accepted and approved,

the bond may be executed before the contract or the contract before the bond. When the bond is executed, and the contract is to be made at some future day, the bond ought regularly to refer to and describe it as a contract to be executed in the future. Whether, in such case, if the contract is referred to as one already executed, it can be proved, contrary to the terms of the bond, that the contract secured is one to be executed in the future, is a somewhat nice question. But it need not be decided, for, in view of another question made by plaintiff, the result must be the same, whatever the decision of that question.

This is claimed to be a statutory bond. It is only as a statutory bond that the plaintiff can sue upon it. It must appear (in some way) that it was taken as authorized by statute to secure performance of a valid contract of the city. Where it is to secure a contract already executed, the obligors acknowledge, by executing the bond, that the contract is valid, and the bond authorized. But the execution of such a bond to secure a contract to be executed in the future, say (as in this case) eleven days after, is no evidence that when the contract is executed the preliminary acts necessary to make it valid have been done. And the plaintiff did not offer to prove the facts necessary to give the board of public works authority to make the contract. So that, had he proved all that he offered to do, still he could not have recovered.

Order affirmed.

(Opinion published 56 N. W. Rep. 459.)

Application for reargument denied November 1, 1893.