BOARD OF COUNTY COMMISSIONERS OF ST. LOUIS COUNTY v. AMERICAN LOAN & TRUST CO. and Others.[1]

January 4, 1897.

Nos. 10,294—(166).

County Funds—Bond of Depositary.
> Section 730, G. S. 1894, provides that the bond of a depositary of county funds shall be made payable to the county. The bond in question was made payable to the "board of county commissioners." *Held* a mere irregularity, which did not invalidate the bond.

Same—Approval—Pleading.
> In an action on such a bond, the complaint does not allege that the principal in the bond had ever been designated as such a depositary, except as this can be inferred from a recital in a copy of the bond set out as an exhibit, by which it appears that the bond was approved by the board of county commissioners 18 days after its date. *Held,* in view of said section 730, which requires the bond be approved and deposited with the county treasurer before the depositary is designated, the complaint does not sufficiently allege that any designation of the depositary had ever been made before the bond was so approved, and, as the complaint does not state that any county funds were deposited with such depositary after the approval of the bond, no cause of action is stated, and the complaint is demurrable.

Appeals by defendants Bradley and others from an order of the district court for St. Louis county, Moer, J., overruling separate demurrers to the complaint. Reversed.

*R. R. Briggs, Washburn, Lewis & Bailey, Cash, Williams & Chester, A. A. Harris & Son,* and *W. W. Sanford,* for appellants.

[1] Reported in 69 N. W. 704.

*George E. Arbury*, *C. A. McPherrin*, and *Wm. B. Phelps*, for respondent.

CANTY, J. This is an action on a bond executed to "the board of county commissioners of St. Louis county in state of Minnesota," by the defendant trust company as principal and the other defendants as sureties. It recites that the trust company "has been duly designated a depositary of the funds of said county of St. Louis for the term of two years from the date hereof," and is conditioned that the trust company "shall well and truly pay over on demand, according to law, all of said funds which shall be deposited," and interest thereon. The defendant sureties demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and appeal from an order overruling the demurrer.

1. Section 730, G. S. 1894, provides that the bond of a depositary of county funds shall be payable to the county, and appellants contend that, as this bond is payable to the "board of county commissioners," it is void. We cannot so hold. The intention to indemnify the county is plain, and the defendants cannot escape liability on their voluntary obligation on any such a technicality. Any one would understand from the bond that it was given for the benefit of the county.

2. It is contended by appellants that it does not appear from the complaint that any county funds were delivered to the trust company after this bond was approved by the board of county commissioners, as provided by said section 730, and that, therefore, the complaint does not state a cause of action.

The bond is dated April 18, 1892; the sureties acknowledged it on April 23; and it appears, by the indorsement on the back of the bond, as the same is set out as an exhibit to the complaint, that the board of county commissioners approved the bond May 6, 1892. The complaint alleges that the bond was executed and delivered on April 18. It further alleges:

"That at the time of the execution and delivery of said bond as aforesaid, the said E. J. Crossett, as such county treasurer, had deposited with, and did thereafter deposit with, the said American Loan & Trust Company aforesaid large sums of money, which were then and there the moneys of the said county of St. Louis aforesaid, and that, after the execution and delivery of said bond as aforesaid, the said E. J. Crossett did deposit with the said defendant the American Loan & Trust Company large sums of money, which were then and

67 M.—8

there the moneys of said county of St. Louis, and all of which moneys had come into the hands of him, the said E. J. Crossett, and were then and there intrusted to him by virtue of his said office as said county treasurer as aforesaid."

The complaint further alleges that on July 14, 1893, there was on deposit with the trust company, "of the moneys so deposited," the sum of $106,141; that the county treasurer on that day demanded the same from the trust company, but the latter failed and refused to deliver the same to such treasurer.

While the complaint alleges that the bond was executed and delivered on April 18, it appears that it was not approved by the board until May 6. In the meantime the bond was inchoate, was not accepted, and, in law, there was no delivery of it. People v. Van Ness, 79 Cal. 84, 21 Pac. 554; Bank v. Cooper, 36 Me. 179, 193. How much of these county funds were delivered to the trust company before the execution of the bond on April 18 does not appear. Neither does it appear that any of the funds were so delivered after the bond was approved by the board on May 6. Section 731, G. S. 1894, provides:

"All bonds required under the provisions of this act shall be given for the term of two years from the date of their execution, and shall be renewed every two years thereafter."

It does not appear that this is a renewal bond, or that the funds so deposited before its execution were deposited during a prior two-year term. Whether this bond would secure the repayment of funds deposited during such a prior term we need not decide.

It must be held, from the complaint, that the county treasurer deposited county funds with this trust company before the date or execution of the bond, and before there was any shadow of claim that the trust company had been designated as a depositary at all. We cannot hold that this bond secures the repayment of such funds. It recites that the trust company was designated as a depositary "for the term of two years from the date hereof," and secures the repayment of "funds which shall be deposited."

The next question is, does the bond secure the repayment of funds deposited with the trust company after the bond was executed and before it was approved by the board? There is no allegation in the complaint that the trust company ever was designated a depositary, unless the recital in the bond so set out as an exhibit is such an allegation. Said section 730 provides:

"Before any national, state or private bank or banker shall be designated as such depositary, such bank or banker shall deposit with such treasurer a bond payable to such county. and signed by not less than five freeholders of the state as sureties, which bond shall be approved by the board of county commissioners   *   *   *."

This requires that the bond so approved shall be deposited with the county treasurer before the depositary is designated. In view of this statute, we cannot hold that such recital, in the yet unapproved and inchoate bond, that the trust company "has been duly designated a depositary," etc., is a sufficient allegation in the complaint that it has been so designated. Then, conceding, without deciding, that if the trust company had on April 18, the date of the bond, been designated as a depositary, and that, under the rule laid down in Board of Commrs. of Hennepin Co. v. State Bank, 64 Minn. 180, 66 N. W. 143, this irregular designation would have been sufficient to make the trust company a de facto depositary, and the sureties on this bond liable for deposits made thereafter and before the approval of the bond, still it is not sufficiently alleged in the complaint that the trust company was designated a depositary on April 18, or before the approval of the bond.

The statute does not contemplate that the depositary shall, as a mere bailee, keep in specie, distinct from its own funds, the county funds so deposited with it. Then the allegation in the complaint that the funds in question were on deposit with the trust company on July 14, 1893, cannot be construed as meaning that the trust company had never used these funds, but had always kept them in specie, or separate and apart from its own funds; and we cannot presume that it had so kept those county funds until after the bond was approved. What effect it would have on the decision on this appeal if these allegations could be so construed, or we could so presume, it is not necessary to consider.

The order overruling the demurrer to the complaint is reversed.