JUSTIN F. JONES v. NORTHERN TRUST COMPANY.[1]

February 3, 1897.

Nos. 10,425—(296).

**Money Had and Received—Bill of Particulars.**

In an action for money paid by a third party to defendant for plaintiff's use and benefit, and which defendant has refused to pay over on demand, the latter is not entitled to a bill of particulars, as a matter of right, under the provisions of G. S. 1894, § 5246.

Action in the district court for Redwood county for the recovery of $6,000. At the trial the court, Webber, J., granted defendant's motion to dismiss on the ground that plaintiff had failed to establish a cause of action. From an order denying a motion for a new trial plaintiff appealed. Reversed.

*John M. Rees*, for appellant.

*Carman N. Smith*, for respondent.

COLLINS, J. The court below, upon the trial of this action, sustained objections made to questions propounded by plaintiff's counsel to his witnesses, and excluded testimony tending to prove plaintiff's cause of action upon the ground that the latter had refused to "furnish a bill of particulars of the amounts alleged to have been converted," a demand for such bill having been made under the provisions of G. S. 1894, § 5246; and the only question is as to the correctness of these rulings. We are clearly of the opinion that the court erred.

Section 5246 first appeared in this jurisdiction as Rev. St. 1851, c. 70, § 74. It was taken bodily from the New York Code,[2] which had been adopted two or three years previously.

It had not then been construed in New York, but in 1874, in Dowdney v. Volkening, 37 N. Y. Super. Ct. 313, it was held that it was to be presumed that the codifiers intended to confine the meaning of the word "account" in the section in question to the class of cases in which it was theretofore most used, as well as most necessary

[1] Reported in 69 N. W. 1108.

[2] 2 Rev. St. (1852) part III., c. IV., pt. 2, c. 5, § 158 (p. 519).

that the particulars of the demand or account should be furnished. The court therefore restricted the use of the word to its mercantile sense, as well as its legal sense, when applied to civil actions, and held that it meant items of work and labor, of goods sold and delivered, and the like, and did not include a bill of particulars of the "damages" set up as a counterclaim in defendant's answer. We do not find that the word as used in the Code has ever been construed by the courts of last resort in the state of New York, but the construction we have mentioned was also given in Barkley v. Railway Co. (1882) 27 Hun, 515, and again in Cunard v. Francklyn (1888) 49 Hun, 233, 1 N. Y. Supp. 877, and this view was evidently taken by this court in Commrs. Mower Co. v. Smith, 22 Minn. 97, in which it was held that in an action for conversion of public funds, brought against a county treasurer, he was not entitled to a bill of particulars under the statute. We are of the opinion that this case is controlled by the decision upon the question in the case just cited.

In the complaint herein it was alleged that a third party had paid money to defendant for plaintiff's use and benefit, which defendant has refused to pay over on demand. In fact, the action was for conversion. Counsel for plaintiff calls attention to a construction of this statute in New York soon after the adoption of the Code, to the effect that whether a party in default shall be precluded from giving evidence of his account depends upon an order previously obtained upon motion. This construction was adopted because of a seeming necessity therefor in order to avoid surprise, upon the trial of an action, to the party claimed to be in default. Gebhard v. Parker, 120 N. Y. 33, 23 N. E. 982. But, whatever merit the rule may have, the practice is well settled here. Advantage of the default is taken upon the trial by objection to proof of the account. Tuttle v. Wilson, 42 Minn. 233, 44 N. W. 10; Henry v. Bruns, 43 Minn. 295, 45 N. W. 444.

Order reversed.