## BOARD OF COURTHOUSE & CITY HALL COMMISSIONERS v. IRISH-AMERICAN BANK and Others.[1]

### June 9, 1897.

### Nos. 10,498—(128).

**Bank—Insolvency—Certificate of Deposit—Presentation.**

Where the property of a bank is in the hands of an assignee or receiver in insolvency proceedings, it is not necessary that a time certificate of deposit payable on return thereof properly indorsed should be presented for payment to the bank, or to its assignee or receiver, in order to mature a right of action upon a bond given to the payee named in the certificate, conditioned that the bank shall safely keep and account for all moneys deposited by said payee, and on demand pay over, upon a proper warrant, check, or other proper direction, all moneys so deposited.

**Same—Construction of Bond.**

The recitals and conditions contained in the bond construed. *Held* to include and cover a deposit of public funds made by a board of commissioners, whose authority for so doing, if existing at all, was in Laws 1893, c. 243, § 5, and for which the bank, incorporated under the state laws, issued, and the commissioners accepted, a time certificate of deposit.

Appeal by defendants from an order of the district court for Hennepin county, Belden, J., overruling a demurrer to the complaint. Affirmed.

*W. E. Dodge*, for appellants.
*Daniel Fish*, for respondent.

COLLINS, J. Action against the principal and its sureties upon a bond given by a state bank, as a depositary of public funds, to plaintiff board. It was recited in the bond that the bank had been

[1] Reported in 71 N. W. 674.

designated by the board as one of the depositaries of the funds of the board, and had agreed to account for, and pay over upon the proper warrant or order of such board, all moneys so deposited. The condition, as stated in the bond, was that the bank should faithfully perform its contract, and

"safely keep and account for all moneys deposited in said bank, and pay over to said board or to its order, upon the proper warrant, check, or other proper direction of said board, upon demand, all such moneys of said board as may at any time be in its possession or under its control."

The deposit in question, if authorized by law, was by virtue of Laws 1893, c. 243, "An act to provide additional means for completing and furnishing the court house and city hall building, now in process of erection in the city of Minneapolis, and to authorize the issue and sale of bonds therefor," section five of which reads as follows:

"Sec. 5. The funds derived from the sale of the bonds provided for in this act shall be deposited by the treasurer of said board, according to the directions of the said board, and all interest or income that may be received upon such deposits shall be accounted for to the said board, and shall be a part and parcel of the funds belonging to said board to be by them applied to the prosecution of the building of the said court house and city hall in the same way that other funds coming into their hands are to be applied."

The deposit was evidenced by a time certificate issued by the bank, by which it acknowledged the receipt of the money upon deposit, and made the amount payable to the plaintiff's order five months after date, with interest, on return of the certificate properly indorsed. A copy of the bond and of the certificate was made a part of the complaint, and defendant sureties demurred to the pleading on the ground that it failed to state facts sufficient to constitute a cause of action. On appeal from an order overruling the demurrer, two points are made: First, that the condition of the bond being to account for the money deposited upon a specified or particular demand, requisition, or manner, the complaint is open to general demurrer, because it is not alleged that such demand or requisition has ever been made; and, second, that as the amount of the deposit was not payable upon demand, but upon five-months time, and was evi-

denced by a certificate which did not mature until five months after date, the liability thus created and existing between plaintiff board and defendant bank was not such a fund or liability as was contemplated by, or was within the terms and conditions of, the bond.

1. It was distinctly averred in the complaint that prior to the maturing of the certificate the bank suspended payment, became and was insolvent, and made an assignment of all its property to one Hubachek for the benefit of all of its creditors, under the insolvency laws of the state, and that its property had ever since been in the hands of an assignee or a receiver under said laws. These allegations stand admitted by the demurrer, and are sufficient to absolve plaintiff from the necessity which might otherwise exist of averring a demand for payment in accordance with the terms of the certificate before bringing an action on the bond. No demand upon the sureties was required, under any circumstances; for their liability would be fixed, if at all, when the bank was in default, either by its positive refusal, or by the happening of some event which would render a demand wholly useless. A demand upon it when its property was all in the hands of an assignee or receiver in insolvency proceedings would have been labor lost, a fruitless and unavailing act. And so would have been a demand upon the assignee or receiver, because payment by him would have been a violation of the law under which he was acting. The legitimate object of a demand is to enable a party to perform his contract or discharge his liability, agreeably to the nature of it, without a suit at law.

The recital in the bond to which the sureties were parties was that the bank should account for and pay over all moneys deposited, upon the proper warrant or order of the board, while the condition was that the bank should safely keep, and, on demand, upon the proper warrant, check, or other proper direction of the board, pay over to it, or to its order, all moneys of the board which might at any time be in its possession. If the certificate was valid as a whole, its return and presentation to the bank, properly indorsed, would be a compliance with the conditions of the bond, because that would be a proper direction to pay over the money to the person entitled thereto. If, upon the other hand, the certificate was invalid in so far as it provided for five months' time, the money deposited was due upon demand by

"proper warrant, check, or other proper direction." From the allegations in the complaint, it is obvious that in either case it was absolutely impossible for the bank to pay, and hence presentation of the certificate, or any demand for the money, was useless and unnecessary before bringing this action. A demand is waived and becomes unnecessary when it would prove absolutely futile. We apply this very familiar principle when holding that, if the property of the bank was in the hands of an assignee or a receiver in insolvency when this certificate matured, no presentation to or demand upon it, or such assignee or receiver, was necessary as a condition precedent to a right of action upon the bond.

2. But, as hereinbefore stated, it is contended that, because the bank issued and plaintiff accepted a time certificate, the amount cannot be recovered of the sureties on the bond. Such a deposit, it is urged, was not contemplated by, nor is it within the terms and conditions of, the bond. The recitals and conditions contained in this instrument have been stated. The sureties did not restrict their liability, as they might have done by apt words, and provide that they should only be liable for such sums as might be deposited on open or general account, subject to check. In fact, the bond contemplated other deposits than those subject to check, for it provided for the withdrawal or payment of money through warrants drawn by the board, and also by means of its "other proper direction." The language used in the recitals and conditions was very broad and comprehensive. The obligation assumed was, without limitation, for the safekeeping, the proper accounting, and the actual disbursement on demand of all moneys deposited. We are of the opinion that the deposit in question comes clearly within this language, and without regard to the right of the board to make a time deposit, or the legal effect and character of the certificate. The bank had the power and authority to issue a time certificate of deposit. Francois v. Lewis, supra, page 409. If the board was authorized, by the statute before referred to, to make a time deposit, and to accept the certificate in question, the deposit and certificate were regular and valid under both statute and bond.

If, however, the statute did not confer authority upon the board to make a time deposit or to accept a time certificate, and the sureties

would be bound to take notice of the law by which the board was governed, the deposit was, in legal effect, upon demand, and that part of the certificate which deferred the due day was invalid and of no force. The certificate would mature upon demand, and in either event the deposit would be covered by the bond. The complaint stated a good cause of action.

Order affirmed.