BOARD OF COUNTY COMMISSIONERS OF ST. LOUIS COUNTY v. MANUFACTURERS' BANK OF WEST DULUTH and Others.[1]

October 20, 1897.

Nos. 10,743—(65).

Depositary of Public Money—Bond—Signature.

The bond of a depositary of county funds purports to be made by "Harvey P. Smith, Cashier of the Manufacturers' Bank," and the appellant sureties. In the bond the principal is described as "the above-bounden the Manufacturers' Bank"; and it is signed, "Harvey P. Smith, Cashier." *Held*, it is the bond of the bank as principal, and the sureties are liable thereon.

Appeal by defendants Henry W. Wheeler, John Gulbranson, Thomas D. Merrill, and John R. Carey from an order of the district court for St. Louis county, Ensign, J., overruling their demurrer to the complaint on the ground that it failed to state a cause of action against them. Reversed.

*Agatin, Davidson & Carey* and *H. H. Phelps,* for appellants.

*Geo. E. Arbury,* for respondent.

CANTY, J.

The defendant bank was designated a depositary of the county funds of St. Louis county, pursuant to G. S. 1894, § 729, and gave the bond which is set out as an exhibit in the complaint. The action is on this bond. Several of the defendant sureties demurred to the complaint, on the ground that it does not state a cause of action, and appeal from an order overruling the demurrers.

Appellants contend that the bond was never executed by any principal, and is therefore void. The bond reads:

[1] Reported in 72 N. W. 701.

"Know all men by these presents, that I, Harvey P. Smith, cashier of the Manufacturers' Bank of West Duluth, as principal, and [then follow the names of the sureties], are held and firmly bound unto * * *. The condition of this obligation is such that the above-bounden the Manufacturers' Bank of West Duluth has made application to be designated a depositary. * * * Now, therefore, if the above-bounden the Manufacturers' Bank of West Duluth * * * shall well and truly * * *.

> "Harvey P. Smith [Seal.]
> "Cashier."

Then follow the signatures of the sureties.

It is claimed that the bank never signed this bond; that the principal named in the bond is "Harvey P. Smith, Cashier"; and that he, and not the bank, signed it.

Section 2499, G. S. 1894, provides that contracts made by any bank established under that act shall be signed by the president and cashier of the bank. It does not appear that the defendant bank was organized under the state law; but, even if it did so appear, it would be immaterial. The bond is not the contract with the county, but a security collateral to that contract. Besides, the complaint alleges that the bank, as principal, and the other defendants, as sureties, "made, executed, and delivered to said county of St. Louis" said bond. The bond on its face shows that the sureties intended to secure the performance of the contract of the bank. The bond is not incomplete on its face, and the intent is plain. Even if it should not comply with the statute, it would still be a good common-law bond, on which the sureties should be held liable.

But there are other reasons why the complaint is demurrable. It is modeled after the complaint in Board v. American, 67 Minn. 112, 69 N. W. 704, and is demurrable for the precise reasons there laid down. The complaint does not allege that any of the county funds were received by the bank after the approval of the bond by the board of county commissioners. This is conceded by plaintiff's counsel.

The order appealed from is therefore reversed.