BOARD OF COUNTY COMMISSIONERS OF ST. LOUIS COUNTY v. AMERICAN LOAN & TRUST·COMPANY and Others.

February 2, 1899.

Nos. 11,403—(249).

### Depositary of County Funds—Bond—Findings Sustained by Evidence.

*Held*, in an action on the bond of a depositary of county funds, that the evidence sustains the findings and conclusions of the trial court to the effect that the depositary was designated; that its bond was approved, and county funds deposited with it in reliance thereon; and that there

was a breach of the bond, in failing to repay the funds, to the extent for which judgment was ordered entered.

### Certificate of Deposit—Board of Co. Commrs. v. Security Bank Followed.

*Held*, further, that the bond secured the amount on deposit, which was represented by a time certificate of deposit. Board of Co. Commrs. v. Security Bank, supra, page 174, followed.

### Pass Book—Evidence.

A pass book kept by the depositary, containing its account with the county, *held* to have been correctly received in evidence.

### Demand—Proof of Assignment for Benefit of Creditors.

The complaint alleged a demand on the depositary for the county funds, and assigned as a breach of the bond, with others, that it did not well and truly hold the funds subject to draft and payment at all times on demand. No proof of an actual demand was made, but the trial court received proof of the fact that the depositary, before the commencement of the action, made an assignment in insolvency of all its property for the benefit of its creditors. *Held* not to be reversible error.

### Bill of Particulars.

It is only where an account is set forth in a pleading—that is, alleged as a cause of action, counterclaim or set-off—that the adverse party is entitled to a bill of particulars, as a matter of right, on demand.

Action in the district court for St. Louis county upon a bond executed by defendant trust company, as depositary of public funds, and by defendant sureties. The cause was tried before Cant, J., who found in favor of plaintiff, and from a judgment entered in pursuance of his findings, defendants A. W. Bradley and seven others appealed. Affirmed.

*R. R. Briggs*, for A. W. Bradley and others, appellants.

It was error not to exclude evidence of the account secured by the bond, because of plaintiff's failure to serve a bill of particulars. City v. McDowell, 12 N. Y. Supp. 414; Supervisors v. Decker, 28 Wis. 669; Board of Co. Commrs. v. Smith, 22 Minn. 97. The suit is on "an account alleged," as contemplated by the statute. See Tuttle v. Wilson, 42 Minn. 233; Lonsdale v. Oltman, 50 Minn. 52. There was no proper designation of the depositary. The complaint did not state a cause of action. Biron v. Board of Water Commrs.,

41 Minn. 519; Mosness v. German-Am. Ins. Co., 50 Minn. 341. The contract of the sureties will not be enlarged by construction. Where a bond is conditioned to account on demand, demand must be alleged, and the time and place should be specified. Board of Co. Commrs. v. Citizens' Bank, 67 Minn. 236, 241; Nelson v. Bostwick, 5 Hill, 37; Bellows Falls v. Rutland, 40 Vt. 377; Douglass v. Reynolds, 7 Pet. 113. It is only where facts excusing a demand are alleged that allegation of demand may be dispensed with. Board of C. H. & C. H. Commrs. v. Irish-Am. Bank, 68 Minn. 470; Mosness v. German-Am. Ins. Co., supra.

*Washburn, Lewis & Bailey*, for A. B. Chapin and others, appellants.

*Wm. B. Phelps*, County Attorney, for respondent.

Defendants were not entitled to a bill of particulars. Board of Co. Commrs. v. Smith, 22 Minn. 97; Blackie v. Neilson, 6 Bosw. 681; Jones v. Northern Trust Co., 67 Minn. 410. The sureties are estopped to deny that the company was duly designated as depositary. Board of Co. Commrs. v. Butler, 25 Minn. 363; Board of Co. Commrs. v. State Bank, 64 Minn. 180. Demand was unnecessary, since the bank placed itself in such a position that demand was useless. Board of C. H. & C. H. Commrs. v. Irish-Am. Bank, 68 Minn. 470. If there was a variance, it was immaterial, since defendants were not misled. G. S. 1894, § 5262; Blackman v. Wheaton, 13 Minn. 299 (326); Washburn v. Winslow, 16 Minn. 19 (33). The pass book was properly received in evidence. Board of Co. Commrs. v. Citizens' Bank, 67 Minn. 236.

START, C. J.

This is an action on a bond given by a depositary of public funds, the American Loan & Trust Company, and its sureties. The bond recites that the trust company has been duly designated as depositary of the county, and its conditions are that the trust company shall at all times hold the funds deposited with it subject to draft and payment on demand, and shall pay over, according to law, all funds which shall be deposited with it pursuant to such designation.

The complaint alleges the execution of the bond, its acceptance, the designation of the trust company as a depositary, the deposit of county funds with it, and that on July 14, 1894, there was on deposit with the trust company, and upon open and current account, of the money deposited with it by the county treasurer, the sum of $98,368.21, and the further sum of $7,772.87; and that the county treasurer duly demanded of the trust company, on the day named, the payment of the amount so on deposit with it, which was refused; and further alleges:

"That said American Loan & Trust Company did not well and truly hold said funds subject to draft and payment at all times on demand, and did not well and truly pay over on demand, according to law, said funds deposited in said bank, pursuant to the statutes mentioned in said bond or any part thereof."

The answer of the sureties was, except that it admitted the execution of the bond, in legal effect a general denial. The trial court found upon the issues in favor of the plaintiff, except that there was no finding as to whether a demand was made for the payment of the funds on deposit with the trust company by the county treasurer. But there was a finding to the effect that on July 12, 1894, the trust company was insolvent, and duly made an assignment for the benefit of its creditors under the insolvency laws of the state, and that the assignee accepted the trust, entered upon the discharge of his duties, and at the time of the trial of this action was still acting as such assignee. As a conclusion of law, judgment was ordered for the plaintiff for the amount claimed and interest. It was entered for the sum of $132,352, and costs, from which the defendants appealed.

1. The appellants assign as error the findings of the trial court to the effect that the trust company was designated a depositary, and that the county treasurer, after it was so designated, deposited the funds with it, for the reason that none of them are sustained by the evidence.

It was not necessary to show a legal designation of the trust company as a depositary. It was sufficient to show that the trust company was a de facto depositary, and that the deposits were made in reliance upon the bond. Board of Co. Commrs. v. State Bank,

64 Minn. 180, 66 N. W. 143.   The bond in question recited that the trust company had been duly designated as a depositary of county funds.   It is true that a depositary cannot be duly designated before the bond is given and approved.   G. S. 1894, § 730; Board of Co. Commrs. v. American Loan & Trust Co., 67 Minn. 112, 69 N. W. 704.   But a depositary may be conditionally designated, the designation to become operative when the bond is given and approved (G. S. 1894, § 729), and the recital in this bond is an admission that the trust company had been conditionally designated a depositary. If the bond was approved, and thereupon the money of the county was deposited with the trust company under the bond, the sureties, as against the county, would be estopped to deny that the trust company had been designated a depositary, and received the money as a de facto depositary, at least.   Board of Co. Commrs. v. Butler, 25 Minn. 363.   The original bond, with the approval of the board of county commissioners indorsed thereon, was produced from the files of the treasurer's office, and evidence given tending to show that, after the approval of the bond, the county treasurer deposited the funds of the county with the trust company.   Such deposit could not have been lawfully made, except under the bond; hence it will be presumed that the deposit was so made in reliance upon the bond.   The findings of fact complained of are sustained by the evidence.

2. An interest-bearing time certificate of deposit was issued to the county treasurer by the trust company for $7,772.87 of the money deposited with it.   The appellants claim that the sureties are not liable, under the bond, for the funds so deposited on the time certificate of deposit.   The bond covered the deposit represented by the certificate.   The precise question was decided adversely to the appellants at the present term, in the case of Board of Co. Commrs. v. Security Bank, supra, page 174.

3. A pass book, designated in the record as "Exhibit D," was received in evidence, over the objection and exception of appellants. This is assigned as error.

This pass book contained the account of the trust company with the county of St. Louis.   The entries therein were made by its authority, in the usual course of business with its customers, and show

that the account with the county was kept in the form of an open account, the same as that of any depositor, except that monthly balances were struck and interest credited. The account also showed that the trust company was indebted to the county at the time its bond was approved and its designation as a depositary became effectual in the sum of $35,000, including interest. The appellants claim that, by this evidence, the amount of the recovery was increased by the amount to the credit of the county on the day the bond was approved, with interest. Such was not the case, and the evidence was properly received to show the application, by the act and consent of the parties, of the checks first paid, after the bond was given, to the payment of the amount previously deposited. The first item on the debit side of the account was, by such application, discharged or reduced by the first item on the credit side; so that the final balance for which a recovery was had did not include any part of the balance, either principal or interest, which was on deposit when the bond was approved. Board of Co. Commrs. v. Citizens' Bank, 67 Minn. 236, 69 N. W. 912.

4. It was conclusively proven on the trial by the records of the court, and the court found the fact to be, that before the commencement of this action the trust company made an assignment in insolvency of all of its property for the benefit of its creditors. By this act the trust company incapacitated itself from keeping the conditions of its bond; for, after the assignment, it had no further control of its property or business, and could not comply with any demand for the payment of deposits. No demand was necessary, under such circumstances. Board of C. H. & C. H. Commrs. v. Irish-American Bank, 68 Minn. 470, 71 N. W. 674.

The appellants assign as error the admission of the evidence as to the making of the assignment by the trust company and the finding based thereon. Their contention is that the complaint alleged a demand for the payment of the fund, and the court received proof of facts which rendered a demand unnecessary; that, if such new issue was to be tendered, they were entitled to the right and opportunity to meet it. This may be conceded, but there was not the slightest suggestion on the trial that the appellants were or could be prejudiced by the evidence offered. It is difficult to conceive

how it was possible for them to be, when the evidence of the fact to be proven was a record of the court.   It was the fact that the trust company had, by its assignment, incapacitated itself from complying with the demand, if made, that rendered a demand unnecessary, not simply the fact of its insolvency.   The latter might be a question the appellants would not be prepared to meet, but, as to the former, the improbability of any surprise or prejudice is so great that it must be assumed, in the absence of any suggestion on their part to the contrary, that there was none.   The variance, then, between the allegation of the complaint and the proof was one which the trial court could, and, if applied for, should, have remedied by allowing an amendment on the trial, or even after judgment, for the substantial rights of the defendants were not affected by the reception of the evidence.   G. S. 1894, §§ 5262, 5266, 5269; Adams v. Castle, 64 Minn. 505, 67 N. W. 637.

But proof of the fact that the trust company had incapacitated itself, by its assignment, to perform the conditions of its bond, was competent, under the allegations of the complaint.   One of the breaches of the condition of the bond assigned in the complaint was that the trust company did not well and truly hold the funds deposited with it subject to draft and payment at all times on demand.   This condition of the bond in view of the fact that the trust company became the owner of the funds deposited (see Board of Co. Commrs. v. Citizens' Bank, supra) must be construed as requiring the depositary to hold and keep itself in readiness at all times to pay the amount of the funds on demand.   Proof that the trust company made the voluntary assignment established a breach of this condition of the bond, and was responsive to the allegations of the complaint.

5. The only remaining assignment of error meriting special mention relates to the failure of respondent's counsel to furnish, on the demand of some of the appellants, a bill of particulars of the account between the trust company and the county.

The counsel for respondent, insisting that the appellants were not entitled to a bill of particulars as a matter of right, served one, as a matter of grace, after the time limited for such service if he was bound to furnish it, which was returned by the appellants.   It

is only where, in a pleading, an account is set forth which is alleged as a cause of action, counterclaim or set-off that the adverse party is entitled to a bill of particulars as a matter of right or demand. G. S. 1894, § 5246; Board of Co. Commrs. v. Smith, 22 Minn. 97; Jones v. Northern Trust Co., 67 Minn. 410, 69 N. W. 1108; Dowdney v. Volkening, 37 N. Y. Super. Ct. 313; Cunard v. Francklyn, 49 Hun, 233, 1 N. Y. Supp. 877. This action is not upon an alleged account, but upon the bond, for a breach of its conditions. It is true that, to establish the breach, it was necessary to allege and prove the amount of the county funds on deposit with the trust company at the time of the alleged breach, but the accounts between the parties were the mere data or evidence tending to establish the amount of the deposit. If the complaint did not set forth sufficient particulars as to the amount of the deposit to enable the defendants to answer understandingly, and adequately defend themselves, their remedy was by motion to make the complaint more definite and certain. Such was the remedy sought and granted in the case of City v. McDowell, 12 N. Y. Supp. 414, cited and relied on by the appellants. The appellants were not entitled to a bill of particulars as a matter of right, and the trial court committed no errors in the premises of which they can complain.

Judgment affirmed.