### HERBERT v. HELLBUT.

(Supreme Court, Appellate Division, First Department. May 31, 1907.)

PLEADINGS—BILL OF PARTICULARS—COPY OF ACCOUNT.

Where plaintiff alleged that he and defendant had had a settlement of all their transactions up to a certain time, and that, on a dispute then arising, the accounts of the parties were stated, whereby, in settlement of the same, it was agreed that there was a certain sum due and owing from defendant to plaintiff, which sum defendant agreed to pay, and the answer denied all such allegations, defendant was not entitled to a certified copy of the account.

Appeal from Special Term, New York County.

Action by Henry L. Herbert against Maurice R. Hellbut. From an order precluding plaintiff from giving evidence of an account, unless within five days a certified copy thereof was served on defendant's attorneys, plaintiff appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

L. E. Warren, for appellant.
Glenn M. Congdon, for respondent.

SCOTT, J.   The plaintiff appeals from an order precluding him from giving evidence of an account alluded to in paragraph 5 of his complaint, unless within five days he serve a certified copy of said account on the defendant's attorneys. The plaintiff is a dealer in coal, and the defendant at the times stated in the complaint sold coal for him under a contract. The fifth paragraph of the complaint reads as follows:

"That on or about August 10, 1904, the plaintiff and defendant had a settlement of all and every of their transactions arising out of their business relations, as well as under said agreement (Exhibit A) up to May 1, 1904, and a dispute then and there arose as to the balance then due from said defendant to this plaintiff, and the account of each said parties were then and there stated, whereby, in settlement of said account, it was then and there agreed by and between this plaintiff and defendant that there was due and owing from said defendant to this plaintiff on that day the sum of $4,250, which said defendant then and there agreed to pay."

The answer denies all the allegations of this paragraph. The question when a party claiming under an account stated may be compelled to furnish a copy of the account alleged to have been stated is not always clear.

In Cunard v. Francklyn, 49 Hun, 233, 1 N. Y. Supp. 877, the allegation was that there had been transactions between the parties; that defendant from time to time rendered plaintiff statements of accounts; "that in or about the months of June and July the plaintiff and defendant, upon a full consideration and discussion in respect of all such matters, and of the transactions and accounts between them, all of which the plaintiff acquiesced in, settled and adjusted their accounts, and it was thereupon understood and agreed between them that defendant should be considered as indebeted to the plaintiff" in a certain sum. It was held that this allegation did not set forth such an account as was contemplated by section 531 of the Code of Civil Procedure; the court saying:

"It is true that accounts are alleged to have been considered and discussed in arriving at the adjustment; but these were the data or evidence upon which the parties reached their agreement, and cannot be said to constitute the agreement itself."

This appears to be the reasonable rule, where reliance is had solely upon the agreement of indebtedness arising from the statement and settlement of accounts and the promise to pay the amount so ascertained; for in such a case the party alleging promise must succeed by proving it, and cannot fall back upon proof of the items going to make up the account. Johnson v. Tyng, 1 App. Div. 610, 37 N. Y. Supp. 516. Especially is this so when the defendant contents himself with denying the settlement and the promise, without undertaking to impeach the accounts with reference to which the settlement was arrived at. As was said in Wells v. Van Aken, 39 Hun, 315:

"It may well be that in general a bill of particulars will be unnecessary, in an action on an account settled and stated; but whether necessary or not will depend on the issue the party may desire to raise by his pleadings. If he intends to rest on a simple denial of the facts charged that the accounts had been examined and a balance struck, a bill of items of the account would not be necessary."

The pleadings in the present case fall within the rule established by the foregoing authorities. . A different rule prevails where the account stated appears to be itself composed of items, or where the pleadings are so framed as to put in issue the correctness of the accounts which were considered and relied upon in arriving at the sum agreed to be due. Keyes v. Flint Co., 69 App. Div. 142, 74 N. Y. Supp. 483.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All Concur.

