RED WING SEWER PIPE COMPANY v. J. G. DONNELLY and Another.[1]

September 27, 1907.

Nos. 15,083—(60).

**Charter of St. Paul—Contract and Bond.**

The order in which a contract for the construction of a sewer under the charter of the city of St. Paul and the bond given to secure the payment of amounts due materialmen and laborers under that contract are executed is not material. After the bid has been accepted and approved, the bond may be executed before the contract, or the contract before the bond. Costello v. Doherty, 55 Minn. 77, followed.

**Recital in Bond.**

Where the bond recites that the contract had been executed as of one date, the sureties are estopped from asserting that the president of the board of public works actually signed the contract at another and subsequent date.

**Action by Materialman.**

The vendor of materials under such a contract is not required as a condition precedent to an action upon such a bond, to trace the particular materials into the improvement itself, and to show that such materials were actually employed in its construction.

[1] Reported in 113 N. W. 1.

Action in the district court for Ramsey county to recover $598.34, the value of two carloads of sewer pipe. Defendant Donnelly died before the trial of the action. The case was tried before Orr, J., who made findings of fact and ordered judgment against the defendant Schroeder in the sum of $384.59. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*R. A. Walsh,* for appellant.

*Oppenheim & Hunt,* for respondents.

JAGGARD, J.

This action was brought to recover the value of two carloads of sewer pipe sold to one Preston, on a bond on which the defendant Schroeder was a surety. The first carload was ordered by Preston for the Conway street sewer on June 24, 1903, the other on July 2, and both cars were delivered to Preston on July 3, 1903. Preston had contracted with the city of St. Paul to construct a sewer on Conway street. That contract was dated June 30, 1903. Defendant showed that the contract was executed on behalf of the city on July 10, 1903. The bond was executed on June 30. The court ordered judgment for plaintiff. Defendant appealed from an order denying the motion to set aside the findings and decision of the court and for a new trial.

The principal controversy in this case arises from the fact that, while the contract and the bond bear the same date, defendant showed that the contract was not signed by the president of the board of public works until some two weeks after the date of the contract.

Appellant argues with much earnestness that "sureties are favorites in the law. They have a right to stand upon their legal defenses." There can be no question as to the soundness of this general principle. More specifically the defendant urges that the plaintiff had failed in the necessary proof of the due execution of the contract to support the bond. In this connection he refers us to Costello v. Doherty, 55 Minn. 77, 56 N. W. 459, in which, inter alia, it was said: "It must appear in some way that [the statutory bond] was taken as authorized by statute to secure performance of a valid contract of the city." In that case, however, it was distinctly set forth that, "under the charter, the order in which the bond and contract are executed is not material.

After the bid is accepted and approved, the bond may be executed before the contract, or the contract before the bond." In the case at bar the bond recited the contract as having been duly executed. That recital estopped the defendant from availing himself of the technical objection as to the date of the contract. In Costello v. Doherty, 55 Minn. 77, 56 N. W. 459, the effect of such a recital as an estoppel was not explicitly considered. The principle in this connection is admirably stated by Collins, J., in Jefferson v. McCarthy, 44 Minn. 26, 46 N. W. 140: "It is well settled that an allegation or recital in a bond, which is certain in its terms and relevant to the matter in hand, is conclusive between the parties to a controversy growing out of the instrument itself or the transaction in which it was executed."

This rule has frequently been enforced in cases analogous to the one at bar by this court. And see County of Meeker v. Butler, 25 Minn. 363; Greengard v. Fretz, 64 Minn. 10, 65 N. W. 949; Board of Commrs. of Hennepin County v. State Bank, 64 Minn. 180, 182, 66 N. W. 143; Board of Commrs. of St. Louis County v. American Loan & Trust Co., 75 Minn. 489, 492, 78 N. W. 113; Hayden v. Cook, 34 Neb. 670, 52 N. W. 165. In general terms it is of almost universal acceptance. 16 Cyc. 699, 702; 5 Current Law, 1285; 24 Am. & Eng. Enc. (2d Ed.) 57; 27 Am. & Eng. Enc. (2d Ed.) 447, 467; 40 Cent. Dig. "Principal and Surety," §§ 91, 91½; 2 Brandt, Sur. & Guar. § 816; Pingrey, Sur. & Guar. § 59; 1 Brandt, Sur. & Guar. § 52. More specifically in Brown & Haywood Co. v. Ligon (C. C.) 92 Fed. 851, a bond to secure performance of a contract recited the contract as existing, although in fact it appeared to have been executed four days after the bond. It was held, per Adams, J., in effect that the recitals of the bond controlled the date of the contract.

The rule is generally based upon principles of estoppel proper. It is also rested upon the maxim "Volenti non fit injuria." See Martin, J., in Bradford v. Skillman, 6 Mart. (N. S.) (La.) 65.

The evidence in this case sufficiently showed that the goods were sold by the plaintiff to the contractor, were of the kind appropriate for use in the performance of the contract, and were ordered by and delivered to the contractor for the purpose of being used in the execution of the contract. The analogy of the cases under mechanic's lien laws is apt. See John Paul Lumber Co. v. Hormel, 61 Minn.

303, 63 N. W. 718; Burns v. Sewell, 48 Minn. 425, 51 N. W. 224; Combination Steel & Iron Co. v. St. Paul City Ry. Co., 52 Minn. 203, 53 N. W. 1144; Howes v. Reliance Wireworks Co., 46 Minn. 44, 48 N. W. 448. It was not necessary that the plaintiff should have shown that the pipe actually entered into the construction of the sewer.

Order affirmed.