FRANS G. ANDERSON v. M. BURG & SONS, INC.[1]

January 21, 1927.

No. 25,719.

**Finding sustained by evidence.**
1. The evidence supports a finding adopting a special verdict of the jury determining that a contract between plaintiff and defendant had not been canceled.

**Failure to furnish bill of particulars when demanded.**
2. The right to demand a bill of particulars pursuant to G. S. 1923, § 9274, is limited to suits on an account and even in such suits the trial court has some discretion in admitting or excluding evidence for the failure to furnish a bill of particulars.

**Waiver of right to arbitrate dispute between employer and employe.**
3. A contract between an employer and an employe provided that in case of disputes there should be an arbitration. The refusal of the employer to recognize the existence of the contract and its unqualified denial of liability operated as a waiver of the right to arbitrate.

**Charge to jury on burden of proving cancelation of contract.**
4. The answer admitted the execution of the contract and pleaded the cancelation thereof as an affirmative defense. The court did not

[1] Reported in 212 N. W. 9.

err in instructing the jury that the burden of proving such cancelation rested on the defendant.

**Inadvertent error in charge waived.**

5. The failure to call the court's attention to an inadvertently erroneous statement in the instructions waived the error.

Appeal and Error, 3 C. J. p. 843 n. 67; p. 848 n. 97.
Arbitration and Award, 5 C. J. p. 46 n. 30, 31.
Contracts, 13 C. J. p. 680 n. 54; p. 780 n. 35.
Evidence, 22 C. J. p. 73 n. 72; p. 78 n. 22.
Master and Servant, 39 C. J. p. 104 n. 96.
Pleading, 31 Cyc. p. 568 n. 42; p. 572 n. 98; p. 582 n. 1.

Defendant appealed from an order of the district court for Ramsey county, McNally, J., denying its motion for a new trial. Affirmed.

*Oscar Hallam* and *Jesse E. Greenman*, for appellant.
*Gilbert E. Harris*, for respondent.

LEES, C.

This action was brought to recover on a contract of employment dated January 2, 1920. The defense was that the contract had been canceled by a notice served on the plaintiff on December 16, 1921. The trial court submitted to a jury the following question: Did the defendant, prior to September 8, 1925, give the plaintiff two weeks' notice in writing of the cancellation of the written contract entered into January 2, 1920?" The jury answered "no" and the court approved of and adopted the verdict and made findings and ordered judgment in plaintiff's favor. Defendant's motion to set aside the verdict and findings and for a new trial was denied and this appeal followed.

The assignments of error raise the following questions: (1) Was there sufficient evidence to support the verdict and finding that the contract had not been canceled? (2) Should evidence of the amount of plaintiff's sales have been excluded because of his failure to furnish a bill of particulars? (3) What effect should be given to the arbitration clause in the contract? (4) Did the court err in charging the jury that the burden of proving the cancelation of the

contract rested on the defendant? (5) Did the court err in using the word "defendant" instead of "plaintiff" in instructing the jury?

1. In their argument touching the first question, defendant's counsel call attention to the fact that two of defendant's principal officers testified that a notice canceling the contract was handed to plaintiff in person December 16, 1921; that prior to January, 1920, plaintiff received a fixed salary, a commission on his annual sales over $60,000 and on "spiffs," meaning goods not in demand; that under the contract sued on he was to have a salary of $200 a month, a commission of one per cent on all sales, payable in preferred stock of the defendant, but no commission on "spiffs;" that on December 15, 1921, defendant's board of directors adopted a resolution directing that contracts with salesmen providing for commissions in addition to salaries be canceled as of January 2, 1922; that two of defendant's officers testified that the form of notice prescribed by the resolution was served on plaintiff and all other salesmen on December 16, 1921; that plaintiff admitted that he received no stock commissions after January 1, 1922, but did receive commissions on "spiffs" thereafter; that he did not ask for the stock he now claims before August, 1923; and that after it was refused and in September, 1923, an increase of $25 a month was made in his salary.

On the other hand, plaintiff's counsel calls attention to the fact that defendant was engaged in the furniture business; that plaintiff had been in that business for many years, became an employe of the defendant in 1914, and in January, 1922, was the highest paid and in point of service the oldest salesman in defendant's store; that plaintiff testified that he did not demand his stock bonus before August, 1923, because he did not need it; that in refusing to give him the stock defendant's president did not assert that the contract had been canceled; that on September 9, 1925, defendant discharged him, giving him two weeks' notice in writing; that subsequently defendant's president asked him to return the notice and destroyed it when it was returned; and that after January 1, 1922, plaintiff continued to keep the same complete record of his sales as he had kept before. It is argued that, because plaintiff was an experienced

and valuable salesman, he may have been excepted from the class of employes to whom the notice of December 16, 1921, was given; that he cannot be mistaken in his flat denial of the receipt of the notice; that, if he had received it, he would not have demanded and defendant would not have given a second notice when he was discharged in September, 1925; that defendant's secretary admitted that he gave the second notice and told plaintiff to "sit down" for two weeks, and gave no satisfactory explanation when asked why he gave the notice if the contract had already been canceled.

Considering all the circumstances, we think reasonable men might differ as to where the truth lay, hence the trial court was not required to set aside the verdict or find as a fact that the contract had been canceled. See Dawson v. Thuet Bros. 147 Minn. 429, 180 N. W. 534.

2. Section 9274, G. S. 1923, provides that the items of an account need not be set forth in a pleading, but upon a written demand the pleader shall deliver a copy of the account verified as in the case of a pleading. The section concludes with these words:

"If such copy be withheld, or if a further or more particular bill be not furnished when ordered by the court, evidence of the account may be excluded."

The complaint demands judgment for a small sum of money and for specific performance of that portion of the contract which provided that in addition to a fixed salary plaintiff should receive, at intervals of six months, shares of defendant's preferred stock in an amount equal to one per cent of his net sales, and sets forth the amount of plaintiff's sales in each period of six months. We think this was sufficient to inform defendant of the nature and particulars of plaintiff's claim. But, even if it were not, the cases hold that the right to demand a bill of particulars is limited to suits on an account, and this is not such a suit. Board of Co. Commrs. v. Smith, 22 Minn. 97; Jones v. Northern Trust Co. 67 Minn. 410, 69 N. W. 1108; Board of Co. Commrs. v. Am. L. & T. Co. 75 Minn. 489, 78 N. W. 113; Selover v. Hedwall, 149 Minn. 302, 184 N. W. 180. Finally, it is discretionary with the trial court to admit evidence of an account

although a bill of particulars was not furnished as demanded. Selover v. Hedwall, supra.

Tuttle v. Wilson, 42 Minn. 233, 44 N. W. 10, Henry v. Bruns, 43 Minn. 295, 45 N. W. 444, and Davis v. Johnson, 96 Minn. 130, 104 N. W. 766, upon which defendant relies, were decided under a statute which provided that a party who failed to furnish a bill of particulars should be precluded from giving evidence of the account. G. S. 1878, p. 722, c. 66, § 105.

3. Conceding for the purposes of the argument that the arbitration clause extends to a controversy such as this, defendant's refusal to recognize the contract or issue the stock, and its unqualified denial of liability, operated as a waiver of the right to an arbitration before suit could be brought. Moore v. Sun Ins. Office, 100 Minn. 374, 111 N. W. 260; Cash v. Concordia F. Ins. Co. 111 Minn. 162, 126 N. W. 524; Bratley v. Bro. of Am. Y. 159 Minn. 14, 19, 198 N. W. 128.

4. Our decisions relative to the burden of proof, cited in Dunnell's Digest, § 3468, hold in effect that the phrase "burden of proof" is used in two senses. In the first sense, the burden remains throughout the trial on the party affirming the facts in issue, but in the second sense it is shifted whenever the trial reaches a point at which the court would have to say that if the case stops here it must be decided in favor of the party upon whom the burden rested in the first instance. In the instant case the execution of the contract was admitted. Its cancelation is pleaded as an affirmative defense. The defense is in the nature of a confession and avoidance, and defendant had the burden of proving that the contract no longer existed. The following cases illustrate the rule: Farmers W. Assn. v. Montgomery, 92 Minn. 194, 99 N. W. 776; Tyner v. Varien, 97 Minn. 181, 106 N. W. 898; Rustad v. G. N. Ry. Co. 122 Minn. 453, 142 N. W. 727; Schommer v. Flour City O. I. W. 129 Minn. 244, 152 N. W. 535; Greenhut Cloak Co. v. Oreck, 130 Minn. 304, 153 N. W. 613; Hughes v. Globe Ind. Co. 139 Minn. 417, 166 N. W. 1075.

5. Plainly the trial court inadvertently used the word "defendant" instead of "plaintiff" in instructing the jury that if they an-

swered the question in the negative the defendant would recover. The court's attention was not called to the inadvertent statement, and we apply the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

Order affirmed.