## R. K. BYRNE et al. *v.* THE STATE.

1. TAXES — COLLECTION THEREOF — SHERIFFS. — The Code of 1857, p. 71, provides that sheriffs shall 'be ex-officio tax collectors of their counties. This provision is not embraced in the Code of 1871, though frequent mention is made of tax collectors, their duties, fees, etc., in the code. *Quære.* Is this provision of the Code of 1857 repealed by § 8 of the Code of 1871? If so, then sheriffs are tax collectors by virtue of their elections as sheriffs, for the collection of taxes was incident to and part and parcel of the duties of sheriffs when the constitution was ratified in 1869.

2. OFFICERS — ESTOPPEL. — An officer in possession of an office, exercising its functions and enjoying its emoluments, is estopped from denying his title or right to the office as justification for malfeasance or misfeasance in office. Nor can the sureties on his official bond set up such a defense when called upon to make good any default, etc.

ERROR to the Circuit Court of Prentiss County. Hon. B. B. BOONE, Judge.

This was a suit against Byrne and the sureties on his official bond, dated November 13, 1871, to recover the amount of taxes collected by him as sheriff for Prentiss county, for the fiscal year 1873. The defendants filed two pleas: 1. *Nil debit.* 2. The sureties plead that they were sureties and Byrne was principal. That Byrne was not tax collector of the county, and that the money, if any collected by him as such, was collected without authority of law. That the board of supervisors had no authority to take and accept said bond, and the same is void. That Byrne was not appointed tax collector by the supervisors nor by any one

having authority so to do, and the chancery clerk had no authority to receive and accept the bond, and the same is void.

The state demurred to both special pleas for cause : that they showed no defense and were double.   The demurrer was sustained and leave given to defendants to plead over.   There was a jury and verdict for the state.

*Green & Pickens* and *Geo. L. Potter,* for plaintiffs in error :

There is no provision in the Code of 1871, making the sheriff tax collector, *virtute officii,* or otherwise.   It seems clear, then, aside from the adjudication of this court in the M. & O. R. R. v. Weiner, *supra,* that the Code of 1857, making the sheriff tax collector of his county, could not be in force, as the law making him such was one of a general nature, and had been revised and consolidated in the Code of 1871.   Shelby v. Alcorn, 36 Miss., 273 ; Blackwell on Tax Titles, p. 98.

A voluntary bond is not binding on the obligors.   A bond by a public officer, when not required by law, is not binding.   State v. Bartlett, 30 Miss., 624.

*Robins & Allen,* for defendant in error :

The only question that seems to be presented by the record in this case is, as to whether or not the sureties on the tax collector's bond are liable for his failure to pay over the taxes collected by him, because the Code of 1871 fails to say who shall be tax collector.   There can be nothing in this for several good reasons :

1st. The provision of the Code of 1857, making the sheriff tax collector, where not otherwise enacted by the legislature, is clearly still in force, while it is true the Code of 1871 is silent as to who shall be tax collector, and treats of the general subject of taxes, yet it does not in our opinion repeal the law making the sheriff tax collector, for the reason that the subject of who the collector shall be is not revised in the code of 1871, and it will certainly not be contended that the legislature intended to leave one of the most important offices in the state to so much uncertainty as their position would lead.   An office involving all the revenues of the

44

state is left by their construction at the mercy of those persons who have assumed to collect the taxes. To place such a construction would certainly be to show that the legislature had omitted a great duty, the omission of which would be likely to be very detrimental to the best interest of the state and to involve the states and counties in great loss.

But be the law as it may in reality, it does not lie in the mouths of those appellants to say that Byrne was not the properly and lawfully constituted tax collector of the county.

The bond recites that Byrne was *elected sheriff, and was therefore by virtue of said office, tax collector of said county of Prentiss,* and they then bind themselves for his prompt and faithful payment of all money collected by him to the state and county treasurers. We submit that there is no principle of law better settled than that sureties on the official bond of a tax collector are estopped by the recitals in the bond to deny the facts recited therein, or to deny that the principal was duly elected or designated to the office, or to deny his official character. Herman on Estoppels, pp. 171 and 172; Burnett v. Henderson, 21 Texas Rep., 588; Seiple v. Elizabeth, 3 Ducher Rep., N. J., 407; State, use, etc., v. Swigart et al., 22 Ark. Rep., 528, and the many cases cited in these authorities.

SIMRALL, J., delivered the opinion of the court.

The single point made in this case is, whether, in a suit upon the tax collector's bond, he and his sureties can successfully resist a demand made by the county for failing to pay over money collected for taxes, on the allegation that the sheriff is not tax collector, and his bond is therefore invalid.

The Code of 1857, art. 5, p. 71, made the sheriff tax collector. The words are: "The sheriff of each county shall be tax collector therein, and at the time of giving bond as sheriff, he shall give a bond as tax collector, in a penalty equal to the full amount of the taxes assessed in his county the preceding year, with twenty per cent. added thereto."

The Code of 1871 does not, in terms, contain this article, although the duties and responsibilities of tax collector are enumerated and defined very much as in the former code.

The omission in the Code of 1871 is, that it does not declare that the sheriff shall be tax collector; and the argument is, that by virtue of the 8th section of the present code, the above recited provision of the former code has been repealed, and therefore there is no legal tax collector in this state.

The entire 22d chapter on the subject of public revenue accepts, as a fact, that there is a person charged with the duty of collecting the revenue, state and county, who is denominated collector, sometimes tax collector, thus, art. VII, § 1690: " On receipt of the assessment rolls, the *collector* shall proceed to collect and receive the taxes, and it shall be the duty of every person assessed to pay his taxes to the 'collector.'" The subsequent sections direct the modes of proceeding by distress and sale, against delinquents, etc., and the settlements with the state and county treasurers, etc.

In art 5, chapter 11, § 1372, are these words: " The boards of supervisors shall meet on the first Monday of July of each year, for the purpose of fixing the amount of county taxes, * * and shall order a certain rate per centum on amount of assessment roll, of state taxes, and the clerk of the board shall thereupon certify the same to the auditor of public accounts, and *sheriff of the county as directed by law.*" Section 1374 makes it the duty of the person collecting the state taxes to collect also county taxes. The object of certifying to the sheriff a copy of the assessment roll, as directed by law, was to guide him in the collection as to the debtors and amounts, and upon what property imposed. Turning now to § 1685, it will be seen that after all objections to the assessment roll have been settled, the clerk of the board of supervisors shall make two copies thereof; one shall be sent to the auditor of public accounts, and the other shall be delivered to the " tax collector."

In the former section the roll is directed to be delivered by the clerk of the board of supervisors to the "sheriff," and in the latter it shall be delivered to the "tax collector," so that he may proceed to the collection of taxes. In the former, the sheriff is assumed to be the "collector," or the person to receive the assessment roll for that purpose.

If the duty of collecting the taxes is not incident to the office of sheriff, then we have had no *de jure* collector since October, 1871, when the code went into effect. The last revision of the laws repeatedly refers to the office of tax collector. The legislature has been in session every year since that code was adopted, and has in its laws made frequent mention of that officer and his duties.

From this, one of two deductions must be drawn, either that the legislature regarded the duty of collecting taxes, as incident to the office of sheriff at the time the present constitution was ratified in 1869, and therefore when that officer was elected and qualified, as part of his official duty was that of collector of taxes, or they must have regarded the 5th article of the code of 1857 as unrepealed by the 8th section of the present code. As we have seen, the sheriff is named in one section of the code as the person to collect the county taxes at the same time he collects the state taxes.

Since the adoption of the present code, as before, the sheriffs have been collecting the public revenues. This is a recognition by the legislature and the executive department of their right so to do. In view of such recognition, and the confusion and disastrous consequences that would ensue, if an adverse opinion should now obtain, we should be constrained to hold that the sheriffs are tax collectors, because that duty was annexed by law to their office at the time the constitution was adopted, and when that office was filled, as incident to it, and part and parcel of it was the function of collector of taxes, or that the 5th article, p. 71 of the code of 1857, has not been repealed.        .        .

But since we are entirely satisfied that the judgment ought to be affirmed on another ground, it is unnecessary to the exigencies of this case to announce a decisive opinion on the question we have been considering.

If we were in error in the foregoing views, it does not necessarily follow, that the bond of the plaintiff in error is void. The office of tax collector exists, with well defined duties and responsibilities in the present code.

Byrne took possession of the office, being sheriff, and, with the consent of the authorities, state and county, entered upon its functions, having given the bond in question. Can he, when he has collected the taxes imposed by law and applied the profits and emoluments to his own use, be heard to say, when called upon to pay over to the county its quota of the taxes, that he had strictly no right to the office, and the bond which he has given is invalid?

If that doctrine be sound, a *de facto* incumbent of an office cannot give a valid security for the discharge of its duties. The office was entered upon by virtue of Byrne's election as sheriff, and as incident to the person holding that place. He had a claim to the office, under which he enters and enjoys.

Applying to him and his sureties well defined principles of law, they ought to be estopped to deny that there rested upon him, both to the state and county, the full responsibilities of the office of tax collector. By means of it, Byrne has got the public moneys. The authorities have not complained that he was not rightfully in office, nor should he be permitted, as justification of failing to pay over the public funds, to plead that he did not have a good title to the office. He claimed to have collected the taxes by official authority. He executed the bond, and it was accepted and approved, on the predicate that he was rightfully in office. He should not be allowed, after enjoying its benefits, to retain the public money by a repudiation of the authority under which he made the collections.

The recital of facts in a bond is an estoppel; it is such an admission by deed, as estops the party to deny the facts recited. Stow v. Wyse, 7 Conn., 214. Where the bond acknowledged that the injunction was granted, the obligors could not deny the fact. Allen v. Luckett, 3 J. J. Marshall, 166. Nor can they deny that there was such judgment as the bond recites. 7 J. J. Marsh., 193; Stewart v. Butler, 2 S. & R., 381. Nor can they deny the appointment and official character of the officer named in the bond. Borden v. Houston, 2 Texas, 604.

There was no error, therefore, in sustaining the demurrer to the second and third pleas.

Judgment is affirmed.