### B. TAYLOR et al. vs. THE STATE, use, etc.

1. TAX COLLECTOR: *Appointment. Bond.*

F. was illegally appointed tax collector of Marion county, and executed a bond for the faithful performance of his duties, in the form and with the conditions required by law for official bonds, took the oath and assumed the duties of the office, collected the taxes and failed to pay over the money, as required by law. *Held*, that he and his sureties are estopped, and cannot be heard to set up as a defense the illegality of his appointment. And although, by some strange omission, the statute did not require a tax collector to execute a bond, yet if he execute the bond, collect the taxes and make default, he and his sureties are estopped, and cannot set up as a defense, that the bond was not required by the statute.

2. SAME: *Judgment by default. Writ of inquiry as to some parties and issue joined as to others, by same jury, and at the same time.*

Where T. and others, defendants, were sued jointly, and T. filed pleas, and

---

Syllabus.

---

other defendants suffered judgment by default, and T. consented in open court that the same jury, and at the same time, should execute the writ of inquiry as to the others, and also try the issue joined between himself and the plaintiff, and which was accordingly done. *Held*, that this was not error.

ERROR to the Circuit Court of *Marion* County.

Hon. G. C. CHANDLER, Judge.

The district attorney filed his declaration in Marion county circuit court against J. W. Fortenberry, tax collector of said county, and eighteen others, sureties on his official bond as such, alleging a defalcation, suing for the use of said Marion county, and demanding $1,830.55, with interest, damages, etc. To this declaration, B. Taylor, one of the sureties (and the only party who defended in the court below) filed a demurrer substantially as follows:

1. The declaration shows no right to recover.

2. The principal was not a lawful tax collector.

3. He never qualified as required by law.

4. The bond is void as to principal and sureties.

5. The board of supervisors are not proper parties.

6. The bond was not delivered as required.

7. The bond was not legally approved.

8. This surety did not qualify or justify.

9. It is not shown that the clerk approved the bond.

10. There is no certificate showing that the bond was properly approved.

This demurrer was overruled, but afterwards the declaration was amended, and B. Taylor filed a plea of *nil debet*, and judgment by default was taken against all the other parties, and a writ of inquiry was awarded, and B. Taylor consented in open court that the jury impaneled to execute the writ of inquiry should at the same time try the issue as to him, which was done, and resulted in a verdict for plaintiff for $2,030.91, and the case come to this court on writ of error. All the assignment of errors are stated in the opinion of the court.

Errors were assigned as follows:

1. The record shows that the court below was not properly organized, and for this cause the judgment is void.

2. The record shows that the summons was void on its face.

3. The record shows that the defendants below had no notice of the proceedings against them, and that they were not legally served with process.

4. The court below erred in overruling the nine causes of demurrer assigned by defendant to plaintiff's declaration.

5. The jury were not sworn to execute the writ of inquiry against the defendants who were adjudged to have made default.

6. It was error in submitting the issue between the plaintiff and the defendant B. Taylor on his plea of *nil debet* to the jury at the same time with the writ of inquiry.

7. It was error in the jury to write, in one verdict, their findings on the issue joined, and on the writ of inquiry as to the other defendants.

8. The record shows that the judgment was founded on a bond given in violation of the constitution of this state, and that the bond was void.

*B. Taylor*, for plaintiffs in error, cited Code, 1871, § 244, p. 64; id., p. 67, § 257; 16 John., 146; 1 Tidd., 90; 2 Bacon Ab., 221, 492–3; 4 Cush., 338; Byrne *v.* The State, 50 Miss., 688; Code, 1871, § 219; De Soto *v.* Dickson, 34 Miss., 150; Thomas *v.* Burrus, 1 Cush., 550; Geo. Dig., p. 358, sec. 9; McNutt *v.* Lancaster, 9 S. & M., 570; Shelby *v.* Alcorn, 36 Miss., 273; Const., art. 12, sec. 26; Ray *v.* Murdock, 36 Miss., 692; Taylor *v.* Arthur, 9 S. & M., 183; Boyd *v.* Swing, 38 Miss., 182–196; Vick *v.* Vicksburg, 1 How., 379; Stewart *v.* Morrison, 38 Miss., 417; Earle *v.* Crum, 42 id., 165; State *v.* Bartlett, 30 id., 624; Bean *v.* Parker, 17 Mass. 591; Jacquemine *v.* The State, 48 Miss., 280; Code, 1871, § 744; Irwin *v.* Jones, 1 How., 497; Wolfe *v.* Martin, id., 30; Beall *v.* Campbell, 1 id., 24.

*G. E. Harris*, Attorney General, for defendant in error, cited

Code, 1871, § 257 ; Byrne *v.* State, 50 Miss., 688 ; French *v.* State, MSS. op.

Tarbell, J., delivered the opinion of the court.

Suit on tax collector's bond.   There was a demurrer to the declaration, which was overruled.   Taylor alone appears; as to the others, there was judgment by default, and a writ of inquiry of damages.   Taylor consented that the issue presented by him should be tried by the same jury, and at the same time with the inquiry of damages as to all.   There was a verdict for the plaint-iff, without dispute as to the amount of the recovery.   Numerous questions are presented, however, by the plaintiff in error, all the defendants in the action having joined in bringing the case to this court for review.

1. It is insisted that the court was not properly organized.   The record recites that the office of sheriff was vacant, and, therefore, the coroner was present and acting as sheriff.   To this it is objected that it should appear in the record that the coroner had given the bond required by the Code, § 244.   Presumably he had.   But it is not necessary that the record should show that the coroner, any more than the sheriff, had given the official bond required by law.   Nothing appears to the contrary.   But the coroner may perform some duties without the bond required by the Code, § 244, as provided in § 699.   See also § 257.

2. The process was directed to the coroner, as the sheriff was a party; this was as it should be.   Code, §§ 257, 699; Arnold *v.* Wynn, 26 Miss., 338.

3. The third assignment of error is answered by what is said as to the first and second assignments, and as to the validity of the acts of the coroner.   See further, Code, § 317.

4. The fourth assignment alleges error in overruling the demurrer to the declaration.   Ten causes of demurrer were set forth. The material question presented rests in the fact that the tax collector in this instance was illegally appointed, and this appointment was void.   Hence that the bond sued on was void, and

besides that there was no statute requiring tax collectors to give a bond as such. But he and his sureties are estopped. 50 Miss., 688, and MSS. case of French; Code, § 317. This case is distinguishable from those cited.

5. The fifth assignment is to the effect that the jury was not sworn to execute the writ of inquiry against the defendants who suffered default. The record certifies to the impaneling and swearing of the jury. It is presumed the statutory oath was administered. Jurors for the term, week or day, all are required to be sworn to try all issues and execute all writs of inquiry submitted to them. Code, § 744. This oath was undoubtedly administered in the case at bar.

6. The sixth assignment is based on the submission of the issue made by Taylor at the same time with the inquiry of damages as to all; to this Taylor consented, as shown by the record; there was neither prejudice nor error in this.

7. The jury returned their finding in writing; their several findings being contained in the same writing. This is the ground of the seventh assignment, and requires no consideration.

8. The eighth assignment is a repetition of prior assignments, to the effect that the appointment of the tax collector was void, and the bond was void; this has already been considered.

9. A ninth error is assigned in the brief of counsel, that the record does not show that either the issue or the writ of inquiry was submitted to the jury, the record states that because the damages are unknown, came a jury of good and lawful men to execute the writ of inquiry awarded, and to ascertain the damages in this cause, and to try the issue joined between the plaintiff and B. Taylor, defendant, the said B. Taylor in open court consenting that said jury should try said issue and execute said writ of inquiry at the same time, to-wit (A. E. Foxworth and eleven others), who, being elected, impaneled, tried and sworn a true verdict to render according to the evidence, and the evidence having been submitted to them on their oaths, returned the following verdict, to-wit, $2,031.91 for plaintiff.

This statement of the record is a substantial compliance with the law, and is clearly distinguishable from that of Beall *v.* Campbell, 1 How., 24, where it did not appear that the jury was sworn or that the cause was submitted.

Affirmed.