BOARD OF COUNTY COMMISSIONERS OF HENNEPIN COUNTY v. STATE BANK and Others.[1]

February 7, 1896.

Nos. 9732—(296).

**County Depositary—Action on Bond—Defense.**

> The defendant bank executed a bond to the plaintiff, with its codefendants as sureties, in which it was recited that the bank had applied to be designated a depositary of county funds. The condition of the bond was that if the bank was designated such depositary, pursuant to the statute, it should pay on demand all funds deposited with it pursuant to such designation. The board of county commissioners designated the bank such depositary, accepted and approved the bond, which was duly recorded; and the county treasurer, pursuant to such designation and bond, deposited

[1] Reported in 66 N. W. 143.

county funds with the bank, as a county depositary. *Held*, in an action upon the bond, that the answer of the sureties that the board of county auditors never considered the application of the bank, and never designated it as a county depositary, and that they never knew that the bond had been approved, or that the funds had been deposited with the bank in reliance thereon, does not state a defense.

Action against the State Bank, Kristian Kortgaard, Alden J. Blethen, Seaver E. Olson, Anton G. Green, and John S. Nelson. From an order of the district court for Hennepin county, Smith, J., overruling the demurrers of plaintiff to the separate answers of defendants Seaver E. Olson and Alden J. Blethen, plaintiff appealed. Reversed.

*Frank M. Nye, James A. Peterson* and *A. H. Nunn*, for appellant. *J. F. McGee* and *Rea, Hubachek & Healy*, for respondents.

START, C. J. Appeal by plaintiff from an order overruling its demurrers to the separate answers of two of the defendants.

The action is against the defendant bank, as principal, and its sureties upon its bond as a depositary of county funds. The material allegations of the complaint may be summarized as follows: That the plaintiff (that is, the board of county commissioners of Hennepin county), on May 23, 1892, duly designated the defendant bank a depositary of the funds of the county, pursuant to the statute;[2] that the defendant agreed, among other things, to pay interest on all such funds deposited with it, and credit such interest on monthly balances, and hold all such funds and interest subject to draft and payment on demand; that, to secure the performance of this agreement by the bank, it, with its codefendants as sureties, executed the bond required by the statute in such cases made and provided, in the sum of $100,000, to the plaintiff, a copy of which bond, marked "Ex. A," is made a part of the complaint; that the bond was duly approved by the plaintiff, and filed and recorded as required by law. The recitals and conditions of the bond are in these words:

"The condition of the above obligation is such that, whereas the above bounden, the State Bank of Minneapolis, has made application to be designated a depositary of the funds of said county, and

[2] Laws 1881, c. 124, as amended; G. S. 1894, §§ 729–736.

has offered to pay interest on such funds of said county as shall be deposited with it, at the rate of one and one-half per cent. per annum upon the monthly balances of such deposits, such interest to be credited monthly to said county: Now, therefore, if the above-bounden, the State Bank of Minneapolis, upon being designated as such depositary pursuant to chapter 124 of the General Statutes of Minnesota, 1881, shall well and truly credit such interest on such monthly balances to said county, and shall well and truly hold such funds, with accrued interest, subject to draft and payment at all times on demand, and shall well and truly pay over on demand, according to law; all of such funds which shall be deposited in said bank pursuant to such designation and said chapter 124, as amended by an act of the legislature of said state approved March 3rd, 1883, entitled 'An act to amend section one of chapter one hundred and twenty-four of the General Laws of 1881, relating to the deposit of public funds,' and all of the interest so to be credited, then the above obligation to be void, otherwise to remain in full force and virtue."

The complaint further alleges that after such designation of the bank and the execution of the bond, and pursuant thereto, the county treasurer deposited with the bank certain public funds of the county, and on June 27, 1893, there was on deposit by the county treasurer, in the bank, pursuant to such designation and agreement, the funds of the county to the amount of $64,703.10; that payment thereof was duly demanded on that day, of the bank, and refused.

The answer of each defendant is the same, and contains no denials, but alleges that the board of auditors of the county of Hennepin never acted upon any application of the bank to be designated a depositary of county funds, and that the bank never was designated by such board as such depositary. The answer admits the execution of the bond, but alleges that the defendant executed it upon the express agreement that it was not to become operative until the bank was designated a depositary of county funds, and that the defendant never knew that the bond was accepted or approved, or was being acted upon, or that county funds were deposited with the bank in reliance upon the bond.

The bond is a part of the complaint, and recites that the bank

has made application to be designated a depositary, and has offered to pay interest on the county funds; and, if it had further recited that the bank had been so designated, this case would be ruled by that of County of Meeker v. Butler, 25 Minn. 363, in which it was held that the recitals in the bond estopped the sureties from denying that there was no such designation. The complaint, including the recital in this bond, is to the effect that the bank applied to be designated a depositary; that the bond was given to secure the faithful discharge by the bank, in case it was so designated, of its duties and obligations as such; that it was designated by the board of county commissioners; that the bond was accepted, approved, and recorded, and pursuant to such designation and bond the county treasurer deposited the funds of the county with the bank. These allegations are admitted by the answer, and the affirmative fact alleged that the board of auditors—the only body that could legally appoint the bank a depositary—never did designate the bank as such. The demurrer admits this fact, and the question for our decision is whether such fact, taken in connection with the facts alleged in the complaint, constitutes a defense in favor of the sureties on the bond. We answer the question in the negative.

In the case of Board of Commrs. v. Gray, 61 Minn. 242, 63 N. W. 635, we held, in an action upon a bond similar to the one here in question, that the provisions of the statute relating to the designation of county depositaries were for the benefit of the public, and not for the sureties, and that, where the depositary was actually designated by the board of auditors, a failure to comply with the requirements of the statute in making such designation would not affect the liability of the sureties; or, in other words, if the principal in the bond was a de facto depositary of the county funds, recognized as such by the treasurer and other county officers, and the county funds were actually deposited with the principal, as such depositary, in reliance upon the bond, the sureties were liable, in case of default in the conditions in the bond, although, in law, the principal was never designated as a depositary.

Public interests would be seriously jeopardized if the sureties upon a county depositary bond could exonerate themselves from liability by showing that he was not such de jure. It is true, the

condition of the bond is that, if the principal shall be designated a depositary pursuant to the statute, the sureties shall be liable for its default; but the regularity or legality of the designation is not of the substance of the condition, for its substance is that if the funds of the county are deposited with the principal, as a depositary, it shall pay over the money on demand. Depositaries of county funds, under the statute, are quasi public officers. They are financial agents of the county, and hold its funds in place of the treasurer. The allegations of the complaint show that the bank was a de facto depositary, and was recognized as a lawful depositary by the board of county commissioners and the county treasurer, and the public funds deposited with it in reliance upon its official bond; but it was not a de jure depositary, because it was designated by the board of county commissioners, and not by the board of auditors.

In principle, this case falls within the rule that the sureties upon an official bond, by virtue of which the officer has been inducted into office, cannot, when called upon to answer for his official defaults, escape liability upon the ground that their principal was not duly elected or appointed, or did not legally qualify. Mechem, Pub. Off. § 341; 2 Brandt, Sur. § 521; State v. Bates, 36 Vt. 387; People v. Evans, 29 Cal. 429; Byrne v. State, 50 Miss. 688; Taylor v. State, 51 Miss. 79. In the last case cited the officer's appointment was void, and it was held that the sureties, when sued on his official bond, could not set up the illegality of the appointment as a defense. So, in the case at bar, the designation of the principal in the bond as a county depositary was absolutely void, because made by the board of county commissioners, and not by the board of auditors; still it was in fact a depositary, and was inducted into office, and the county funds deposited with it, in reliance upon the bond, and the fact that it was not designated such depositary by the proper board does not exonerate the sureties on the bond.

Order reversed.