(164 App. Div. 791)

### CITY OF NEWBURGH v. DICKEY, City Treasurer.

(Supreme Court, Appellate Division, Second Department. November 13, 1914.)

1. DEPOSITARIES (§ 6*)—DEPOSITS OF PUBLIC MONEYS—DESIGNATION OF DEPOSITARIES—STATUTORY PROVISIONS.

The power of the council of a city to select a depositary of the funds of a city need not be expressly conferred, but it is sufficient if it can necessarily or fairly be implied from powers expressly granted.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 20; Dec. Dig. § 6.*]

2. DEPOSITARIES (§ 6*) — DEPOSITS OF PUBLIC MONEYS — DESIGNATION OF DEPOSITARIES — STATUTORY PROVISIONS — "MANAGE" — "FINANCES" — "CONTROL."

The Newburgh city charter vests in the council the legislative power of the city, and declares that the council shall have the management and control of the finances of the city, and shall have the power to do all acts necessary to carry into effect any general power and necessary for the good government, order, and protection of persons and property. Held, that it impliedly confers on the council the power to designate a depositary of public funds, for the word "finances" means monetary affairs, pecuniary resources, funds on hand or coming in, revenue, income, funds in a treasury or accruing to it, and the word "manage," being somewhat synonymous to the word "control," means to direct, control, govern,

administer, or oversee (citing Words and Phrases, Manage; see, also, Control).

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 20; Dec. Dig. § 6.*]

3. DEPOSITARIES (§ 6*)—DEPOSITS OF PUBLIC MONEYS—DESIGNATION OF DE-
POSITARIES—STATUTORY PROVISIONS.
The Newburgh city charter, requiring the city treasurer to receive all money of the city, and all money raised by authority of the board of supervisors of the county, and to keep an account of receipts and expenditures as the city council shall direct, does not confer on the city treasurer the power to select a depositary of public funds, though the charter also provides that all money shall be drawn from the treasury in pursuance of the order of the council by warrants signed by the mayor and clerk.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 20; Dec. Dig. § 6.*]

4. DEPOSITARIES (§ 6*)—DEPOSITS OF PUBLIC MONEYS—DESIGNATION OF DE-
POSITARIES—STATUTORY PROVISIONS.
A city treasurer, though required to give a bond conditioned on his faithfully discharging the duties of his office and paying over all money received by him, has no authority to select a depositary of public funds, and neither the bond nor the general rule of law extends his liability to money held by a depositary designated by the council of the city in accordance with the charter.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 20; Dec. Dig. § 6.*]

Submission of controversy on agreed statement of facts, pursuant to Code Civ. Proc. §§ 1279–1281, between the City of Newburgh and James N. Dickey, as Treasurer of that city. Judgment for plaintiff.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Graham Witschief, Corp. Counsel, of Newburgh, for plaintiff.
A. H. F. Seeger, of Newburgh, for defendant.

JENKS, P. J. This is a controversy between the city of Newburgh and its city treasurer, submitted. The city council passed a resolution whereby a certain bank in the city was designated as the depositary of the funds of the city and of the several departments thereof until the further order of the city council, and the city treasurer was directed to deposit the funds of the city received by him in said bank. The city treasurer took the position that he was the legal custodian of the funds of the city by virtue of his office, and had the right to select the depositary.

[1] The question is whether the plaintiff should have a peremptory writ of mandamus to the defendant to deposit forthwith in the depositary designated by the city council all funds of the city of Newburgh received by defendant from time to time. I neither find nor am cited to any specific provision in the city charter, or in any statute, which empowers the city council, or the city treasurer, or any other board or official, to select a depositary. It is, however, sufficient if such power can necessarily or fairly be implied in or incident to powers expressly granted. Village of Carthage v. Frederick, 122 N.

Y. 271, 25 N. E. 480, 10 L. R. A. 178, 19 Am. St. Rep. 490; City of Rochester v. Simpson, 134 N. Y. 417, 31 N. E. 871.

[2] I think that the charter by plain implication confers such power upon the city council. Section 1 of title 3 of the charter provides that the legislative power of the corporation shall be vested in the city council. This is harmonious to the general principle. Moore v. Mayor, 73 N. Y. 247, 29 Am. Rep. 134. Section 9 thereof reads:

"The city council shall have the management and control of the finances and all property, real and personal, belonging to said city."

And section 37 provides:

"The city council shall also have power to do all such acts and make such ordinances, rules, police regulations and by-laws, not inconsistent with the laws of the United States, as they may deem necessary to carry into effect any general power, the powers conferred upon it by this act or by any other laws of this state, and such also as they may deem necessary for the good government, order and protection of persons and property, and for the preservation of the public health, peace and prosperity of said city, and its inhabitants." Laws 1907, c. 203.

"Manage" and "control" are somewhat synonymous words. "Manage" means to direct, control, govern, administer, or oversee. "Manage," in Words and Phrases Judicially Defined; Bouvier's Law Dict. —both citing Commonwealth v. Johnson, 144 Pa. 377, 22 Atl. 703. See, too, Anderson's Law Dict.; Commissioners of the Sinking Fund v. Walker, 6 How. (Miss.) 186, 38 Am. Dec. 433. "Finances" means monetary affairs, pecuniary resources, funds on hand or coming in; revenue; income (Standard Dict.); "revenue, funds in the treasury, or accruing to it" (Century Dict.).

[3] The defendant contends that certain other provisions of the charter by fair implication vest this power upon him. He points out that section 8 provides that:

"The treasurer of said city shall receive all moneys belonging thereto, as well as the moneys raised by authority of the board of supervisors of the county of Orange, as the moneys raised by authority of the city council; and he shall keep an accurate account of all the receipts and expenditures in such manner as the city council shall direct. All moneys shall be drawn from the treasury in pursuance of the order of the city council, by warrants signed by the mayor, or acting mayor and clerk."

And he cites various other provisions which require the payment of public moneys collected by various city officials to the city treasurer. The receipt of moneys collected by any officer or board, or paid in as due the city, is a natural incident of the office of a city treasurer, as is the keeping of the accounts thereof and the subsequent disbursement thereof. But I find no provision for a city treasury as the depositary of moneys, and the mere powers to receive, to keep account of, and to pay out such moneys does not imply the right to select a depositary, in derogation of the powers heretofore considered as cast upon the city council.

[4] The defendant lays stress upon the fact that he is required by the charter to give a bond. But such requirement is found in section 16 of title 2, which is general, in that it requires a bond, not only from the treasurer, but also from the recorder, the justices of the

peace, the superintendent of public works, and such other officers as may be required. And the bond prescribed is that such officers shall "faithfully discharge the duties of their respective offices, and pay over all moneys received by them, respectively." The bond of the defendant is expressed in the terms of this charter provision. The defendant's argument is that, as he is required to give a bond and is thus responsible, the fair intendment is that he should select the depositary. But the requirement of the bond is that he shall pay over all moneys received by him. It is the settled law of this state that a public official assumes all risk of loss and is charged with the duty to account as a debtor for the funds in his custody. Tillinghast v. Merrill, 151 N. Y. 142, 45 N. E. 375, 34 L. R. A. 678, 56 Am. St. Rep. 612. But in that case the court say that they do not wish to be understood as establishing a rule of absolute liability in any event. Neither the requirement of this bond nor the general rule would extend to moneys received by the official, while those moneys were held by a depositary designated by another body or officer of the city in accord with law and exclusive of any power cast upon him. Dillon on Municipal Corp. (5th Ed.) p. 764, citing Perley v. Muskegon County, 32 Mich. 132, 20 Am. Rep. 637. See, too, Mechem on Public Officers, p. 610; Hobbs v. United States, 17 Ct. Cl. 189. The condition of the bond would be met if he discharged his duty with respect to the moneys when not in the exclusive charge of the depositary named by the city council.

Judgment for the plaintiff in accord with the terms of submission. All concur.