(No. 4907.   May 2, 1928.)

WASHINGTON COUNTY, Respondent, v. GEORGE W. STEPHENS, J. W. STIPPICH, A. A. SEAY and H. J. DEVANEY, Appellants.

[267 Pac. 225.]

James Harris and George Donart, for Appellants.

Kate E. Feltham, Frank D. Ryan and Hawley & Hawley, for Respondents.

BUDGE, J.—Appellants, defendants below, were sureties on a depository bond given by the Bank of Washington County to Washington county to secure the deposit of funds in the county treasury. After the execution of the bond and at a time when the county had on deposit in the bank a considerable amount of money, the bank suspended business. This action was brought by the county against appellants and a number of other defendants to recover upon several depository bonds. The appeal is by the individual sureties from a judgment in favor of the county, entered upon verdict directed by the court.

A portion of the funds deposited for the county was evidenced by a certificate of deposit, the original amount of which has been reduced by some $8,000 by reason of drafts drawn against the account and paid by the bank. Appellants contend that because these funds were not placed on deposit subject to check, they were not protected by the terms of the bond signed by them as sureties. This contention is raised by assigning as error the denial of a motion to strike from the record respondent's exhibit 12 (the certificate of deposit) and to withdraw from the consideration of the jury all testimony relative to the existence of the deposit therein described; and, while it is noted that at the time the exhibit was offered in evidence counsel for appellants stated there was no objection to its admission and that they joined in the offer, making it doubtful whether the admission of this evidence is subject to review (*State v. Breyer*, 40 Ida. 324, 338, 232 Pac. 560), we will nevertheless dispose of the point on its merits.

■ The public depository law, Sess. Laws 1921, chap. 256, p. 557 et seq., in force at the time the deposits herein were made and the bond in question executed, provides, sec. 2, that the act is designed to safeguard and protect the funds of all political subdivisions of the state. It has been said that in construing contracts of the kind involved, resort may be had to the same aids, and the same canons of interpretation invoked, as apply in case of other contracts, and courts are not required to put a strained construction on the plain words of a bond in order that the sureties may escape liability. What is demanded is merely that the sureties are not to be bound by implication, or beyond the extent to which they have obligated themselves in the execution of the bond. While the liabilities or sureties are to be strictly construed, it is not the duty of courts to aid them to escape liability by technical and hypercritical construction. (21 R. C. L. 977.)

Pertinent parts of the bond signed by appellants provide: That the Bank of Washington County had made application to receive on deposit funds in the county treasury, the amount whereof should be subject to withdrawal or diminution by the county treasurer as the requirements of the county should demand, and in consideration of such deposit the bank would pay interest thereon, render regular statements of the account and keep the sums of money deposited "subject at all times to the *check and order* of the treasurer; . . . . pay over the same, and any part thereof, upon the *check or written demand* of the treasurer," and "in all respects, save and keep the County of Washington and the treasurer thereof, harmless and indemnified for and by reason of the making of said deposit, or deposits."

■■ Under the provisions of the bond in question, keeping the funds deposited subject to check and payable upon check was not made exclusive; they were to be kept and made payable as well upon order and written demand— clearly otherwise than by check. The form of deposit was in no way limited by the bond, and the fact that the particular deposit was evidenced by a certificate of deposit

with the funds therein described payable upon its return, properly indorsed, made the deposit none the less a general one (Sess. Laws 1921, chap. 42, p. 66, sec. 19), with the relation between the bank and the depositor merely that of debtor and creditor. (7 C. J. 650, sec. 342; *People v. California Safe Deposit & Trust Co.*, 23 Cal. App. 199, 137 Pac. 1111; *Hotchkiss v. Mosher*, 48 N. Y. 478; *Waterworks Improvement Dist. v. Rainwater*, 173 Ark. 523, 292 S. W. 989; *City of Sisseton v. Western Surety Co.*, 50 S. D. 205, 208 N. W. 982.) The bond made the amount to be deposited subject to withdrawal or diminution as the requirements of the county should demand, and the bank had paid drafts drawn against this particular account in the sum of $8,000, thereby recognizing that these funds were on general deposit. By the certificate of deposit and the bond the funds were at all times subject to immediate payment, and it must be held that their deposit in the form made and withdrawal otherwise than by check were protected by the provisions of the bond.

The provision of the public depository law (sec. 28) that all deposits in public depositories shall be subject to payment when demanded by the treasurer on his check, while perhaps directory to the bank as to the manner in which payment should be made, is not made the exclusive method of payment, and cannot be the basis for escape from liability by the sureties, where faith and credit had been given to the bond providing for withdrawal of funds other than by check, and it had performed the function of obtaining for the bank the deposit of public moneys. (*Henry County v. Salmon*, 201 Mo. 136, 100 S. W. 20.) Appellants' obligation was voluntarily assumed, and they must recognize the conditions thereof. But, if anything, sec. 28 of the act referred to strengthens the conclusion as to appellant's liability, for, the statute being an integral part of the contract of suretyship, it simply had the effect of requiring the bank to honor checks against the account, regardless of whether stipulated in the certificate of deposit

that withdrawals could not be made by check. (See authorities cited *infra*.)

■ ■ Appellants also contend that the court erred in not permitting them to show that a condition attached to the delivery of the bond making it effective only in case the deposits of the county should exceed the amounts authorized to be deposited under other bonds, and that such condition is indicated by a notation. on the bond signed by them as sureties that it was approved as "additional depository bond." The presence of the notation does not necessarily give strength to the contention; construing the words according to their plain import they would mean merely that the bond was cumulative, joined with the other bonds so as to form an aggregate security for the deposits as a whole. And the parties could not limit the obligation executed under the public depository law. (*Western Casualty & Guaranty Ins. Co. v. Board of Commrs.*, 60 Okl. 140, 159 Pac. 655; *United States Fidelity & Guaranty Co. v. Poetker*, 180 Ind. 255, 102 N. E. 372, L. R. A., N. S., 1917B, 984; 9 C. J. 34, sec. 56; *Pocatello I. School Dist. No. 1 v. Fargo*, 38 Ida. 563, 223 Pac. 232.)

The foregoing propositions are the only ones argued by appellants, and a conclusion upon them is decisive of the case. Accordingly, the judgment must be affirmed, and it is so ordered. Costs to respondent.

Givens, Taylor and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., took no part.