

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

June 14, 1939

Mr. A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Mr. Hickerson:

Opinion No. O-799
Re: Would it be legal for a
cashier of a depository bank
to act as county auditor?

Your request for an opinion on the above stated question has been received and given careful consideration.

In arriving at what we believe to be the correct answer to your question, we have given primary considera- tion to two Articles of our State Constitution. Article 16, Section 33, of the Constitution provides:

"County officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust, or profit, under this State or the United States, except as prescribed in this Constitution."

A bank or other corporation is not named in this section of the Constitution, yet the word "person" legally speaking includes a corporation. A corporation is a "jur- istic person," a "legal entity," and Article 23 of our Civil Code, among other things, provides that the word "person" includes a corporation. Furthermore, it has been held that the word "person" includes a corporation within the meaning of the due process clause of the Federal Con- stitution.

A county depository is an "appointee" charged with the performance of certain public duties. It also holds a "position of trust" under this state in the pur- view of this constitutional provision. The conditions of the depository's bond, as specified in the statute, are for



Mr. A. E. Hickerson, June 14, 1939, Page 2.

the faithful performance of all duties and obligations devolving by law upon the depository, and for the payment, upon presentation of all checks drawn upon such depository by the County Treasurer of the county, and that the county's funds "shall be faithfully kept by said depository and accounted for according to law." And Article 2828 of the Civil Code provides, in effect, that such depository is constituted the "Treasurer" of all school funds of the county.

In the case of Hennapin County v. State Bank, 64 Minn. 180, 66 N.W. 143, the Supreme Court of Minnesota stated:

"Depositories of county funds under the statute are quasi public officers. They are financial custodians of the county, and hold its funds in place of the Treasurer."

And it was held by the Supreme Court of Alabama:

"In common acceptance of that term, a depository is a contractee with ministerial duties, performance of which may be compelled in proper cases by the writ of mandamus." (First National Bank vs. Terry, et al, 83 So. 170.)

The other section of the Constitution which we think is here applicable is Section 20 of Article 3, which provides:

"No person who at any time may have been a collector of taxes, or who may have been otherwise entrusted with public money, shall be eligible to the Legislature or to any office of profit or trust under the State Government, until he shall have obtained a discharge for the amount of such collections, or for all public moneys with which he may have been entrusted."

While the title to public funds which have been deposited with a depository bank passes to the bank, yet, as above shown, the depository is under the legal duty to safely keep and account for such funds. The liability of the depository is a continuing one and does not cease until the selection of a new depository and the giving of the bond by the latter, or until 60 days after the time fixed for the appointment of a successor. Article 2529, R. C. S. 1925. Therefore, it follows as a matter of course, that



Mr. A. E. Hickerson, June 14, 1939, Page 3.

within the meaning of the Constitution a bank which is a
county depository cannot be discharged of its liability as cus-
todian of public funds so long as the bank holds that position.

The last above-mentioned section of the Constitu-
tion was construed in the case of Orendorff v. State (C.C.A.),
108 S. W. (2d) 206, and it was held that a person who had
been entrusted with public funds, to-wit, a sheriff, was in-
eligible to fill the office of County Commissioner so long
as he was under the duty of discharging his liability by
reason of his having been the custodian of such funds. The
court, in part, said:

"It (the Constitution) clearly includes every
person who may have been entrusted with public
money. It was within the knowledge of the Consti-
tution that vast sums of money would be entrusted,
of necessity, to others than tax collectors; and
the language used was broad enough to cover them
all, State and County Treasurers and treasurers of
other political subdivisions of the State, Officers
and Departments that receive money in behalf of the
State and its political subdivisions, sheriffs and
others."

It therefore clearly appears that a county deposi-
tory is included within the language and purpose of this
constitutional provision, if for no other reason than that
it is the Treasurer of the school funds of the common school
districts of the county. It is not to be questioned that
such districts are political subdivisions.

If it be suggested that neither of the quoted sec-
tions of the Constitution are applicable to the question under
discussion for the reason that the cashier of a depository
bank is not per se the bank or such depository, and that,
therefore, he is under no constitutional restraint so far
as his eligibility to be county auditor is concerned, we
think a sufficient answer to such suggestion is that a bank-
ing corporation can only act through its proper officers.
A cashier of a National Bank is the executive officer of the
bank who transacts its daily affairs and through whom, usual-
ly, all of its financial obligations are conducted. See
First National Bank of Greenville v. Cotton Oil Co., 60
S. W. 828 (C.C.A.); Hewitt v. First National Bank, 252 S. W.
161 (Com. App.). In the last cited case the court stated

that the cashier of a bank within the scope of his official duties is the bank.

In the effort to determine whether or not a constitutional limitation or other provision is applicable to a given case, consideration must be given to the rule that the literal words of the Constitution carry with them certain reasonable and necessary implications. See Mumme v. Marrs, 120 Tex. 383, 40 S. W. (?d) 31, 36; Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1; 243 S. W. 778; City of Denison v. Municipal Gas Co., 257 S. W. 616 (C.A.), Affirmed by Supreme Court, 3 S. W. (2d) 794.

In the last cited case the court on rehearing, speaking through Justice Looney, says:

"The doctrine of implied powers and restraints is well known to the law of constitutional construction. It results from the fact that it is never practicable in a Constitution to specify in detail all its objects and purposes, or the means of carrying them into execution; therefore, constitutional powers are granted or prohibited in general terms, from which implied powers and prohibitions necessarily arise."

We think, therefore, that what a bank in its corporate entity is forbidden under the Constitution to do, the cashier of the bank may not do, unless and until he disassociates himself from his connection with the bank.

The statutes relating to the office of county auditor are Articles 1645 to 1668, inclusive, R. C. S., 1925. From these statutes it appears that the county auditor has general supervision of all books and records of all officers of the county, district and state, who may be authorized or required to receive or collect money, funds, fees or other property for the use of or belonging to the county; that he shall see to the strict enforcement of the laws governing county finances; that he has continual access to and shall examine all books, accounts, reports, vouchers and other records and all affairs relating to the finances of the county; and without giving any previous notice, he shall examine fully the condition of and inspect the cash in the hands of the county treasurer or in the bank in which he may have placed same for safekeeping, not less than once in each quarter, and he shall see that all balances to the credit of various funds are actually on hand in cash.

Considering the statutes, therefore, relating to the duties of county auditors and those relating to the duties and obligations of the county depository, we must, necessarily, conclude that if the cashier of a depository bank were permitted at the same time to fill the office of county auditor, he would be placed in the position of being required to pass judgment upon the books, accounts and other defined acts of the county depository, which are in legal effect his books, accounts and acts. It was to prevent just such incompatible situations that the foregoing provisions were written into the Constitution of this State.

In an opinion by a former Attorney General of this State, which was rendered on February 27, 1919, it was held that the cashier of a bank, which was a depository of school funds, could not be appointed to the office of county school trustee. In a conference opinion rendered on September 16, 1929, it was held by another former Attorney General of this State that a stockholder or an official of a corporation which was the depository for an independent school district, was ineligible for appointment or election as trustee of said school district. Those opinions were upon related subjects to the one that we are now called upon to answer, except that it is believed that the instant case presents stronger reasons for arriving at the same conclusion.

It follows from what has been said that it is the opinion of the Attorney General that the cashier of the bank which is county depository is ineligible to be appointed county auditor of the same county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
W. F. Moore
First Assistant Attorney General

WFM:PBP

APPROVED:

_____
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____